BONELLI *et al. v.* BRANCIERE.

[90 South. 245. No. 22125.]

1. NEGLIGENCE. *Truck driver's negligence held question for jury.*

   In a personal injury action where there is a verdict and judgment for the plaintiff and on appeal the defendants contend that the trial court erred in refusing to direct a verdict for the defendants because the evidence did not tend to establish liability, and it appears from the evidence in the record that there is much doubt and confusion on the issue of liability, but during the trial, as authorized by statute, the trial judge, jury, the plaintiff who was on the witness stand at the time, and the attorneys for the respective parties, visited the *locus in quo,* and there the plaintiff testified in the presence of the court and jury as to just how the injury occurred, pointing out and demonstrating his position and conduct at the time of the injury as well as that of defendants' driver and truck which caused the injury, which demonstrations the court repo⁻ter did not and could not exactly translate into the record, such evidence considered in connection with the other evidence in the record, will be presumed to have cleared up such confusion and doubt in the minds of the jury; therefore in uch a case the question of liability is one for the jury.

2. NEGLIGENCE. *Proximate cause of injury by truck striking gate held for jury.*

   Every negligent act does not carry with it liability of the guilty person for any and all injury to others. Liability follows only when such negligent act is the proximate cause of · the injury complained ˙of. The guilty person must have reasonably anticipated. that some injury might result to another from his wrongful act. But the evidence in this case tended to show that the driver of the truck in question knew or should have reasonably anticipated, when the truck struck the gate while the plaintiff was in the act of closing it, some injury

might result therefrom to the plaintiff; therefore it was a question for the jury as to the proximate cause of the injury.

3. TRIAL. *Refusal of requested instruction covered by charges given not error.*

An instruction requested on behalf of the defendants and refused by the court, by which it was sought to tell the jury that, if the evidence showed the injury was caused solely by the negligence of the plaintiff, they should return a verdict for the defendants, embodied a correct principle of the law; but it was not error in the trial court to refuse such an instruction because the same principle was embodied in other instructions given for the defendants.

4. DAMAGES. *Instruction to be governed by sense of justice and right in assessing damages held correct.*

An instruction, which informed the jury that, if they should find a verdict for the plaintiff, in assessing his damages they should be governed by a sense of justice and right arising out of the facts shown by the evidence, contained a correct statement of the law.

5. DAMAGES. *Not allowable for disfigurement apart from physical suffering.*

An instruction given for the plaintiff, which told the jury that, if they should render a verdict for the plaintiff in assessing his damages, in addition to awarding damages for physical and mental suffering past and future, as well as any permanent disability and loss of earning capacity, they should go further and award damages for any disfigurement of body as shown by the evidence, was erroneous because it authorized a recovery for mental anguish or humiliation unaccompanied by physical injury, in that it authorized the awarding of damages for disfigurement of body after plaintiff's physical suffering had ceased; the law being that there can be no recovery for mental anguish or humiliation except as a part of and as growing out of physical suffering, and when the latter ceases to be an element of damages so does the former.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Suit by David Branciere against E. Bonelli, Sr., and others, for personal injury. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*A. A. Armistead, Hirsh, Dent & Landau,* and *Brunini & Hirsch,* for appellant.

*Anderson, Vollor & Kelly* and *A. A.-Chaney,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, David Branciere, sued appellants, E. Bonelli Company, in the circuit court of Warren county for an injury received by him in the loss of four fingers of his left hand alleged by him to have been caused by the negligence of appellants' driver of their auto delivery truck, and recovered a judgment in the sum of twelve thousand dollars, from which appellants prosecute this appeal.

Appellants assign several errors. Only those which were argued are considered of sufficient importance to notice. The action of the trial court in refusing appellants' request to direct a verdict in their favor is assigned as error. This assignment is based on the contention on behalf of appellants that the evidence did not tend to establish liability. In considering this question every fact favorable to appellee's case, either proven directly or reasonably inferable from the evidence should be treated as established. We find that the testimony either established or tended to establish the following facts: Appellants were merchants in the city of Vicksburg and made delivery of goods sold to their customers in the city and vicinity by means of an auto-delivery truck, which on the occasion in question was driven by one McGuire accompanied by a negro boy who carried the packages from the truck to the residences of the customers. Appellee was a pipe fitter, 31 years of age, with a wife and child. The rear of the premises where he resided bordered on the west side of an alley running north and south fourteen and one-half feet wide, from which there was an entrance into his back yard by means of two folding gates opening out east into the alley. The injury to appellee occurred about noon. Appellants' delivery truck was being driven by their employe McGuire through this alley from north to south making delivery of goods to their customers. It stopped at or near the back entrance to appellee's premises to make delivery of a package of goods to a customer on the east side of the alley.

At this time appellee was at or near the folding gates entering his back yard on his way to the noon meal. His little child was present urging him to come in. His wife had seen and called him in to lunch. He opened the south wing of the folding gates which swung back to the south, and entered. This gate had a handhold through it for use in opening and closing, in which appellee had his hand attempting to close the gate; his child was pulling at him and urging him to come in. At this juncture appellant's truck continuing south passed the gate, and in doing so the front or rear fender came in contact with the gate and his hand, cutting off all the fingers of appellee's left hand, except the little finger. The exact position of appellee, the gate and the truck when the injury occurred is left in some confusion by appellee's own testimony as it appears in the record. He first conveys the impression that the gate was closed when his fingers were cut off, and therefore the driver must have negligently driven the truck too close to the fence and gate; and later in his testimony he states that on account of his child pulling at him and urging him to come in, he lost control of the gate, by reason of which it opened into the alley and there his hand was caught by the fender of the truck—which would indicate that the truck was well away from the fence and gate at the time of the injury, and therefore the driver was without fault. If this were all the evidence before the jury on this question, the issue would be clouded and in much doubt, to say the least of it. However, there was other and most material evidence not in the record and which in its nature could not be gotten into the record exactly as it was given, and still it must be considered. The trial judge, the jury, the appellee, and counsel for the respective parties visited the *locus in quo* as authorized by statute, and there the appellee testified fully as to how the injury occurred, pointing to the marks on the gate claimed to have been made by the truck, as well as to the position of the truck with reference to the fence and gate when the injury took place, showing how near closed the gate was and where he was

standing, all of which he demonstrated by acts as well as words in the presence of the trial judge, jury, and counsel, which demonstrations, of course, the court reporter could not exactly translate into the record. The jury heard and saw it all. It was an issue of fact alone for the jury. They were instructed by the court that there was no liability on the part of the appellants unless the injury was caused by the negligent handling of the truck, and also that there was no liability if it resulted from the appellee pushing the gate out into the alley and thus coming in contact with the truck; and it is to be presumed that they understood the issue and the evidence.

It is true, as argued on behalf of the appellants, that every negligent act does not carry with it liability of the guilty person for any and all resulting injuries to others; that such wrongful act must be the proximate cause of the injury which follows; that the person guilty of the wrong must have reasonably anticipated that some injury might result therefrom to another. But it cannot be said in this case the testimony did not tend to show that the driver of the truck knew or should have reasonably anticipated, when the truck struck the gate while the appellee was in the act of closing it, some injury might result therefrom to the appellee. There was nothing to prevent the driver's seeing the gate and the conduct of the appellee in trying to close it, unless at the time of the injury the front part of the truck had passed the gate, which appellee denies, for he says his fingers were cut off by the front fender. This was a question for the jury. We conclude therefore there was no error in refusing to direct a verdict for the appellants.

The court refused an instruction requested on behalf of appellants to the effect that if the evidence showed that the injury was caused solely by the negligence of the appellee they should find a verdict for the appellants.

This instruction embodied a correct statement of the law, because the appellee was not entitled to recover for an injury attributable entirely to his own fault. How-

ever, no harm could have resulted to the appellants from its refusal by the court. Other instructions were given for appellants in which the same principle of law was forcibly and clearly put to the jury. For instance, the second instruction given for appellants informed the jury that if the evidence showed that the truck in question stopped in the alleyway near the gate and was seen by the appellee, and was started again, and, when passing, the appellee opened the gate causing it to come in contact with the fender of the truck which cut off his fingers, then they should find for the appellants. And in the first instruction given for the appellants the jury were told that unless the evidence showed appellee's fingers were cut off while the gate was practically closed, then they should return a verdict for appellants. There were nine instructions given for the appellants and four for the appellee, in several of which the jury were informed that they would not be justified in returning a verdict for the appellee unless the evidence showed that the injury was caused by the negligent driving of the truck. We are unable to see how the jury could have misunderstood the issue. We are of the opinion that the question of liability was properly submitted to the jury by appropriate instructions.

The action of the court in granting the third instruction for the appellee covering the elements and measure of damages is assigned as error. By that instruction the jury were told, among other things, that if they found for the appellee in assessing damages they "should be governed by the application of the sense of justice and right to the facts of this case." It is claimed that this clause in the instruction is erroneous because the jury were by it turned loose to their own imagination as to the amount of verdict they should return. The instruction in another clause informed the jury that their verdict should be based on the evidence. Therefore the trial court simply meant to tell the jury that in fixing the damages they should be guided by their sense of justice and right arising out of the evidence. Appellants insist that this part of the in-

127 Miss.—36.

struction was erroneous under the authority of *Y. & M. V. R. Co.* v. *Smith,* 82 Miss. 656, 35 So. 168. In the instruction in that case held by the court to be erroneous, the jury were told that—"The defendant is liable to plaintiff in damages in such sum as the jury shall see fit to assess under the instructions the court has herein given for plaintiff."

One fault of the instruction was that the jury were authorized to assess such damages as they saw fit without regard to the evidence. If that instruction had contained the qualification that the judgment of the jury as to what was fit should be based on the evidence, there would have been no fault in this respect. The court said in that case that verdicts must be based upon facts and not upon the whims or wishes, likes, or dislikes of the jury. The court said further that the instruction was faulty in another respect, in that it confined the jury in assessing damages to a consideration of the instructions given for the plaintiff. In our opinion it was eminently proper for the court to tell the jury that in assessing damages for the appellee they should return a verdict according to their sense of justice and right as shown by the facts developed in the evidence.

Another criticism of this instruction is, in addition to informing the jury that in assessing the appellee's damages they should consider his physical and mental suffering past and future, as well as any permanent disability and loss of earning capacity, the instruction went further and told the jury they should consider as an element of damages "any disfigurement of his body" as shown by the evidence. It is argued that there can be no recovery for disfigurement of body unaccompanied with physical suffering, because disfigurement of body alone is not an element of damages; that to allow a recovery for disfigurement of body would be tantamount to permitting a recovery for mental anguish or humiliation unaccompanied by physical suffering.

This court is committed to the doctrine in several decisions that there can be no recovery for mental suffering or humiliation caused by mere negligence, unless such mental suffering shall result from and be accompanied with physical pain resulting from such wrongful act. In *Western Union Tel. Co.* v. *Rogers,* 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300, this question was very fully and ably discussed by Judge COOPER, who wrote the opinion in that case. The authorities were reviewed and analyzed. It was held that there could be no recovery for mental suffering unaccompanied with physical suffering, and that such mental suffering must be the outgrowth or result of the physical suffering; that in such cases damages for mental suffering were allowed on the ground alone that it was impossible to draw the line between physical pain and mental suffering, and therefore damages should be awarded for both. The court said that damages for mental suffering were allowable in only three classes of cases: First, where, by the merely negligent act of the defendant, physical injury has resulted, in which cases they are allowed as compensatory damages; "and the reason given for their allowance by all the courts is that the one cannot be separated from the other." Second, actions for breach of contract of marriage. Third, in cases of willful wrong, especially those affecting the liberty, character, reputation, personal security, or domestic relations of the injured party. In *Dorrah* v. *I. C. R. Co.,* 65 Miss. 14, 3 So. 36, 7 Am. St. Rep. 629, the court said that— "Mental suffering is not readily distinguishable from physical suffering, and to become an element of damages it must be based on bodily injury, or the injury by which it is produced must be attended by circumstances of malice, insult, or oppression."

In *Grenada Bank* v. *Lester,* 89 So. 2, the court held that no damages could be recovered for "embarrassment and humiliation." The point is that the humiliation or mental pain must be accompanied with and be a part of the physical suffering. Whenever the latter ceases to be an ele-

ment of damages, so does the former. In the *Rogers Case, supra,* in discussing this question the court said: "No one but the plaintiff can know whether he really suffers any mental disturbance, and its extent and severity must depend on his own mental peculiarity. In the nature of things, money can neither palliate or compensate the injury he has sustained. 'Mental pain and anxiety the law cannot value, and does not pretend to redress when the unlawful act complained of causes that alone.' "

In *So. Pac. Co.* v. *Hetzer,* 135 Fed. 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288, the court in discussing this question said: "But mortification or distress of mind from the contemplation of the crippled condition and of its effect upon the esteem of his fellows, that mental pain which is separable from the physical suffering caused by the injury, is too remote, indefinite, and intangible to constitute an element of the damages in such a case."

This view does not militate against the principle, well established in the jurisprudence of this state, that there may be a recovery for mental pain and humiliation growing out of and accompanied with physical injury. We simply hold that when the physical suffering is at an end there can be no recovery for mental suffering or humiliation which may thereafter continue as the result of the physical disfigurement of body. The instruction in question not only authorized the jury to award the appellee damages for physical and mental suffering resulting therefrom as long as such physical suffering continued, but further authorized the jury to return a verdict for mental suffering and humiliation which the appellee might experience in the future after his physical suffering had ceased. The case is reversed for trial alone on the question of damages.

*Reversed and remanded.*