## J. J. NEWMAN LUMBER CO. *v.* NORRIS.

[94 South. 881. No. 22994.]

1. DAMAGES. *Instruction on disfigurement held erroneous as allowing for disfigurement apart from physical suffering.*

In a suit for personal injuries, an instruction to the jury on the measure of damages, which authorized them in assessing damages to take into consideration, not only the plaintiff's physical and mental suffering and permanent injury, but in addition any disfigurement of his person, is erroneous in so far as it authorized the jury to consider any disfigurement of the plaintiff's person which might continue after the termination of his physical pain and suffering, because it thereby authorized the jury to award damages for mental anguish alone, unaccompanied with physical suffering. *Bonelli* v. *Branciere*, 127 Miss. 556, 90 So. 248.

2. TRIAL. *Argument of plaintiff's counsel in action for personal injuries in inflammatory reference to corporation defendant held prejudicial.*

It was an abuse of the privilege of advocacy in such case by plaintiff's attorney in his closing argument to use the following language, referring to the defendant: "Who is the J. J. Newman Lumber Company? It is a corporation. It has taken your land. It has taken your homes." Such language was calculated to influence the jury

to enhance the amount of damages, notwithstanding on the objection of defendant's counsel the court admonished plaintiff's counsel to "stay in the record."

3. TRIAL. *Admonition of court to counsel to "stay in record" in connection with inflammatory reference to defendant corporation held prejudicial.*

The said instruction, taken in connection with the said abuse of the privilege of advocacy by plaintiff's attorney, in view of the fact that the judgment in this case is large, was harmful to defendant, and may have caused the jury to materially increase the amount of their verdict.

APPEAL from circuit court of Lamar county.

HON. G. WOOD MAGEE, Special Judge.

Action by Leseray Norris, by next friend, against the J. J. Newman Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded for new trial on question of damages alone.

*Tally & Mayson,* for appellant.

Counsel says that the appellant first complains of error in one of the instructions, to-wit: that appearing on page 99, and stating that the first instruction, that one on page 97, is not claimed to be erroneous. It is true that the instruction appearing on page 97, or the first one, is not erroneous, when it is dis-associated with the other, but it is when taken in connection with the one on page 99; to illustrate: the one on page 97 tells the jury, that it should award damages for all physical pain and mental suffering, or what he will suffer in the future, and for any permanent injury. The one on page 99 tells the jury that, if it finds for the plaintiff, it should award him a lump sum, and in estimating the damages, the jury should then take into consideration the scars and disfigurations, and both temporary and permanent injury or injuries. It will be seen then, that the vice in the first instruction is that it is inoculated with the *virus* of the second. The instructions must be taken together, and the first one is erroneous by reason

of the terminology of the second.   There is no way to segregate the damages given for scars and disfigurations from the other damages.

The rule is general that all instructions must be construed together.   *Cumberland Telephone Company etc.* v. *Jackson,* 95 Miss. 79, 48 So. 614; *Hill* v. *Terry,* 92 Miss. 671; 46 So. 829.   The language used in a particular instruction must be read in connection with all the instructions given in the case.   *Mississippi Central R. R. Company* v. *Lott,* 118 Miss. —, 80 So. 277.   Instructions will be considered as a whole one as limiting as modifying or supplementing others.   *City of Hattiesburg* v. *Beverlay,* 123 Miss. 759, 86 So. 590; *Mutual Life Insurance Company* v. *Vaughn,* 125 Miss. 369, 88 So. 11.

Learned counsel observes on page 10 of his brief: "But even granting for the purpose of argument that the instructions were erroneous, they were harmless and could not have had any possible effect upon the jurors.   That this is true is fully evidenced by the nature and location of the injuries.   The scars and disfigurations are not in view or constantly exposed to the public gaze, they were and are, secreted and hidden.   No man can look upon these scars and disfigurations and cause humiliation to the appellee, unless he chooses voluntarily to expose them.   Although the jury were told that they might consider these scars and disfigurations, it would be entirely unnatural that they did consider them.   Jurors are human beings, with common knowledge.   They knew that these scars and disfigurations could not cause the appellee any humiliation, and knowing this they did not place the amount of the verdict to any extent upon the scars and disfigurations."   That in itself is the best argument that the instruction should not have been given.

The presumption attaches that the jury understood and followed the instructions of the court, and that they considered the charge as a whole, or in the instructions as an entirety.   Fourth C. J. 771.   The giving of erroneous instructions is presumed to be prejudicial, and the burden

of proof rests upon the appellee to show affirmatively that no prejudice resulted. Fourth C. J. 914. Where a presumption of prejudice arises, it cannot be disregarded, unless the records affirmatively disclose that the error was not prejudicial, for when error is shown the law supplies and attaches the consequence of the prejudice. Fourth C. J. 911; *Ross* v. *Mimms,* 7 S. & M. 121; *Jackson* v. *Jackson,* 28 Miss. 674; *Solomon* v. *City Compress Company,* 69 Miss. 319, 10 So. 446.

It is to be observed that the appellee did not get an instruction telling the jury that by reason of the disfiguration and scars, that no damages should be given therefor, but on the contrary the instructions specifically directed the jury to assess damages for such scars and disfigurations. Counsel also conteneds that damages were not excessive and refers to many cases in which the verdict of the jury was not disturbed in reference to damages. In that connection, however, we wish to state that there is no way by which the damages assessed for scars and disfigurations can be segregated from the other damages, and for that reason the cases are not in point. Counsel also says that counsel for appellee in his address to the jury, already referred to in our brief in chief did no harm to appellant's interest. We withhold any observation here, as we did then, on that proposition, and content ourselves with saying that the language used is the best evidence as to whether it was harmful or not, and we submit it on the language alone. As to whether a new trial was properly refused or not, of course we disagree about that; we think that all the errors we have pointed out justify the conclusion that a new trial should have been awarded. We especially, however, commend the argument of learned counsel in trying to get around the palpably erroneous instructions, he is practically driven to the conclusion that they are erroneous. In the first place he says that the Bonelli case is not an authority for the instant case, but he takes a diametrically opposite view in undertaking to show that the jury awarded no damages for scars and

disfigurations. One presumption or the other must be erroneous. In conclusion he states all that the court could do would be to reverse the case for a new trial for damages only. Certain it is that the case ought to be reversed, but if the court is of the opinion that it should be reversed for that purpose only, we bow with grace to the decision of the court.

*Nat. I. Williamson* and *Currie & Currie,* for appellee.

The main ground relied upon by the appellant for a reversal of this case is an instruction which was granted by the court to the appellee, which reads as follows: "The court charges the jury that should you find for the plaintiff, you should award him a lump sum and in estimating the damages the jury should take into consideration the scars, disfigurations and both temporary and permanent injury or injuries, if any, as shown by the evidence to have been suffered or sustained by the plaintiff; and in arriving at the amount of your verdict, you should not require that the plaintiff should have proven by direct testimony with mathematical certainty the exact amount of the losses, if any, that he suffered or sustained; but that the fixing of the amount is largely committed to the sound discretion of the jury, who should be governed by the testimony in the case and then award to the plaintiff such an amount as the jury may believe from the evidence will be reasonable compensation for all the damages sustained by the plaintiff, if any, not to exceed the amount sued for."

Counsel for the appellant do not quote all of this instruction. They quote the following: "The court charges the jury that should you find for the plaintiff, you should award him a lump sum, and in estimating the damages the jury should take into consideration the scars, disfigurations and both temporary and permanent injury or injuries, if any, as shown by the evidence to have been suffered or sustained by the plaintiff."

Counsel then proceed to say in their brief: "In connection with that instruction the court gave the following: 'The court instructs the jury for the plaintiff, that if you find a verdict for the plaintiff, then in assessing him damages you may take into consideration all physical pain and mental anguish, if any, you believe from the evidence he has suffered by reason of the injury if any sustained by him; and all physical pain and mental anguish, if any, you believe from the evidence he will suffer in the future by reason of said injury, if any; and any permanent injury, if any, you believe from the evidence he has sustained, by reason of such injury, if you believe from the evidence he sustained injury,' " indicating that all of the first instruction had been set out in their brief, that is quoted.

When the court examines the record it will find that the first quotation from the instructions granted by the court to the appellee is only a part of the instruction actually requested and given. And when the court shall have read all of the instruction together it will observe that the court did not, as counsel states, instruct the jury that they could award the appellee any damages for any scars and disfigurations, disconnected from actual physical pain and suffering. On the contrary the court will see that the court plainly instructed the jury that if they believed from the evidence in the case, from the scars and disfigurations which they had observed in looking at the appellee, that he had suffered in the past physical and mental pain, that he was then suffering physical and mental pain, and that he would in the future continue to suffer physical and mental pain; that they could take all of these matters, that is, this evidence into consideration, in arriving at the amount which they would award him, and in making this award the jury was plainly told in this very instruction that "they should be governed by the testimony in the case, and then award the plaintiff such an amount as the jury may believe from the evidence will be reasonable compensation for all damages sustained by the plaintiff, if any, not to exceed the amount sued for."

This instruction made it perfectly plain to the jury·that their award, whatever it might be, if any, should be based upon and supported by the actual testimony in the case, and that in fixing the amount of the award, basing it upon the testimony, it must be reasonable and allow such sum only as in their judgment, would be just, considering the testimony alone.

The appellant is not entitled to segregate this instruction into different parts and present one part of the same to the court and ask the court to construe and consider it independently of the remaining portions of the instruction.   The law is to the contrary, that this one instruction cannot be segregated from amongst the other instructions —even as a whole and treated independently of all of the other instructions, but it, as a whole, will be construed by the court and considered along with all of the other instructions in the case.

For authority in support of their contention concerning this instruction counsel for the appellant cite the case of *Bonelli* v. *Branciere,* 90 So. 245.   This case is not an authority in support of the contention of the appellant, as it supposes.   The injury to Branciere was entirely different. He had lost only some of the fingers from one of his hands, an injury which when it healed was cured and the suffering necessarily ended.   Branciere did not suffer physical pain, like the appellee in this case, after his hand healed. When the wound on Branciere healed, and it was of a character that would heal and cure up completely, his suffering ended, and Branciere was not suffering actual physical pain produced by the actual injury at the time of his trial, and in the very nature of the case would not suffer actual physical pain in the future.

It is very, very different with the appellee in this case. The description of the injury of the appellee, the nature and character of the wounds and injuries to the appellee in this case were such as they could not be healed and cured like a cut off finger.   The appellee had never ceased to have physical pain when his case was tried.   He stood before

the jury in a crippled and suffering condition, as he testified. He showed the jury that his rupture was then down, and putting it in his own language and in the language of the doctor who first examined and treated him, his gut was then in the scrotum sack. The doctor sat before the jury in the trial of the appellee's case and testified that he was not well, that a major operation was all the hope there was in the world for a recovery by the appellee, and the doctor stated before the jury that an operation would require cutting into the abdominal cavity and the handling of intestines and internal organs of the body; that it was fraught with grave danger, and he testified further that there was no assurance that an operation even would effect a cure. He testified further that there was danger of strangulation, and that in case of strangulation the gut would perforate, and this court can see the vast difference in the facts in the Branciere case and the case of the appellee. The truth is that the appellee in the case exhibited his scars and wounds merely as evidence of the location, nature and character and extent of the same, and that is the sense and the only sense in which the court instructed the jury that they could consider the same in arriving at the extent of the injury actually done the appellee.

But this court, and so far as we know, no other court of repute, has ever held that an injured person cannot recover for scars and disfigurations, coupled with actually existing physical pain and mental anguish, caused directly by the wounds and the injuries which produced the scars and disfigurations, and that is the situation presented to this court. The appellee stood before the jury in a suffering condition, bearing the most, unmistakable evidence of the fact that he would continue, necessarily, to suffer actual physical pain and mental anguish in the future, as a proximate and direct result of the injuries inflicted upon him which injuries he was then standing before the jury exposing to its view under the order of the court.

ANDERSON, J., delivered the opinion of the court.

Appellee, Leseray Norris, by next friend, sued appellant, J. J. Newman Lumber Company, for a personal injury received by him while an employee of appellant, alleged to have been caused by the fault of the latter, and recovered a judgment for seventeen thousand five hundred dollars, from which appellant prosecutes this appeal.

We find no error committed by the trial court in submitting the question of liability to the jury.

It is contended by appellant that, even though there be no ground for a new trial on the question of liability, the cause ought to be reversed and remanded for a new trial on the question of damages because of an error committed by the court in instructing the jury on the measure of damages, and because of misconduct of counsel for appellee occurring during the argument of the case to the jury. As to the measure of damages the court instructed the jury that in assessing appellee's damages they should take into consideration, not only the physical and mental pain suffered by him, as well as any permanent injury, but in addition should take into consideration scars and disfigurements of appellee's person. This is substantially the same instruction as was involved in *Bonelli* v. *Branciere,* 127 Miss. 556, 90 So. 245. The court held in that case there could be no recovery for scars or disfigurement of the person unless accompanied with physical suffering; that such an instruction authorized a recovery for mental anguish or humiliation unaccompanied by physical suffering; that the effect of the instruction was to authorize the jury to award damages for disfigurement of body after plaintiff's physical suffering had ceased, and that under the law there could be no recovery for humiliation or mental anguish except as a part of or growing out of physical suffering, and that when the latter ceased to be an element of damages so did the former. This is the same question but in another form which was involved in *W. U. Telegraph Co.* v. *Rogers,* 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300,

in which the court held there could be no recovery for mental suffering unless such mental suffering be a part of and accompanied with physical suffering. The trial court therefore erred in granting the instruction in question.

One of appellee's counsel in the closing argument of the case to the jury as shown by the special bill of exceptions in the cause used the following language:

"Who is the J. J. Newman Lumber Company? It is a corporation. It has taken your land. It has taken your timber. It has taken your homes."

To which language appellant promptly objected, and thereupon the court simply admonished counsel "to stay in the record." This language of counsel under the circumstances may have been very influential with the jury in fixing the amount of damages. It was such grave misconduct in counsel as that it is doubtful whether its effect on the jury was obviated by the admonition of the court. Counsel may so abuse the privilege of advocacy as to put it beyond the power of the court to remedy the harm done the opposite party.

The verdict in this case is large, and may have been materially added to by the jury on account of the said instruction and the misconduct of counsel for the appellee. Both were calculated to bring about that result. We would not be understood as holding that the giving of such an instruction would be reversible error in any and all cases, nor that such misconduct of counsel in the argument would be reversible error in any and all cases, or that either one without the other would be sufficient to reverse this case. But we do hold that in view of the size of the verdict i this case, the giving of said instruction in conjunction with the misconduct of counsel for appellee referred to was harmful, and had a very material bearing on the amount of the verdict in this case.

Reversed and remanded for a new trial on the question of damages alone.

*Reversed and remanded.*