JACKSON & E. RY. CO. v. THAMES *et al.**

(Division A.    Nov. 21, 1927.)

[114 So. 611.    No. 26682.]

1. APPEAL AND ERROR. *Supreme court does not consider objections to attorney's remarks in presence of jury unless raised below.*

Supreme court does not consider objections relating to remarks of attorney in presence of jury unless objections are raised in lower court.

2. APPEAL AND ERROR. *Attorney's remark in eminent domain proceeding after introducing evidence regarding value of property, that he could introduce other evidence to same effect, held not prejudicial.*

Remark of attorney for landowner in eminent domain proceeding in presence of jury, after he had introduced all evidence as to value

of property, that he could introduce other witnesses to same effect but deemed it unnecessary, *held* not prejudicial.

3. EMINENT DOMAIN. *On appeal from judgment of eminent domain court, it was not mandatory on circuit court to have jury view land sought to be condemned (Hemingway's Code 1927, sections 1570, 1577).*

Under Code 1906, section 1864 (Hemingway's Code 1927, section 1570), relating to procedure of eminent domain court, and Code 1906, section 1871 (Hemingway's Code 1927, section 1577), relating to appeals from judgments rendered by eminent domain courts, it was not mandatory on circuit court on appeal from eminent domain court to have jury view land sought to be condemned, especially where case on appeal from judgment in eminent domain court was presented to jury for trial in circuit court four years after judgment in eminent domain court.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 862, n. 21; 4CJ, 6. 957, n. 65; Eminent Domain, 20CJ, p. 1126, n. 99.

APPEAL from circuit court of Newton county.

HON. G. E. WILSON, Judge.

Eminent domain proceeding by the Jackson & Eastern Railway Company against Wiley Thames and others referred to a justice of the peace. An eminent domain court was organized which rendered verdict for one hundred seventy-five dollars, and on appeal to the circuit court verdict was rendered for the sum of five hundred dollars, from which judgment the railway company appeals. Affirmed.

*George B. Neville,* for appellant.

The failure of the court to have the jury to view the premises is the main error assigned on this appeal. Section 1864, Code 1906 (sec. 1507, Hemingway's Code 1927).

Appellant did not waive the requirements that the jury should view the premises. "Where the statute provides that the commissioners shall view the premises, the general rule is that a view is an essential part of the proceedings." 2 Elliott on Railroads (3 Ed.), sec. 1336, and authorities cited in footnote 96; 20 C. J., p. 1013, sec. 406.

"The result of a jury's personal view of the land is evidence proper to be acted upon by them, and if they believe, from the whole evidence, that they have, from such view, arrived at a more accurate judgment as to the value of the premises sought to be taken, and of the dam-ages, than that shown by the evidence in court, they may, upon the evidence, rightfully fix the value of the land taken and the damages at the amount so approved by their ·judgment formed from the personal examination, even though it differs from the amount testified to and the weight of testimony given by witnesses in open court." *Peoria, etc., R. Co.* v. *Sawyer*, 71 Ill. 361; *Kiernan* v. *Chicago, etc., R. Co.*, 23 Ill. 188, 14 N. E. 18; *Guyer* v. *Davenport, etc., R. Co.*, 196 Ill. 370, 63 N. E. 732, and *Chicago Gen. R. Co.* v. *Murray*, 144 Ill. 259, 51 N. E. 245."

The provision of the statute with reference to viewing the property condemned is mandatory. It can be waived but it was not waived by appellant in this case. Where cases are tried in the absence of litigants, it is the duty of the trial court to see that the absent litigants' rights are not prejudiced by the introduction of incompetent testimony and by improper remarks of counsel. This statement by attorney for appellees was very prejudicial to appellant.

*C. E. Johnson,* for appellee.

The only issue possible was that of damage, or compensation, and it is not mandatory for the circuit judge to go with the jury on the premises in the ordinary course as other issues are tried in said court. This needs no comment, but is too plain. A trial *de novo* can be had without this inspection, because if it was not triable *de novo*, it would be tried on the record only. But the statute makes it more emphatic by its provision that it shall be tried as other issues are tried in the circuit court, and enter all proper judgments.

Section 1502, Hemingway's 1917 Code (section 1864, Code of 1906) shows by its language that it applies to the justice court only, but the judgment complained of by appellant is not that of the justice court, and a view of the premises now, would be prejudicial as not being the same they were when this suit was tried in justice court four or more years ago.

The language is that the circuit court *shall* try as other issues are tried. This is as mandatory as for the justice court to try in the manner set forth in section 1502, Hemingway's Code 1917. The assignment of error concerning remark of counsel, if it could have effected the result at all without instruction, certainly this remark was harmless in view of the written instruction given the jury, "Honestly and impartially to estimate the sum thereof according to the evidence adduced on the trial, the weight and credibility of which you are the sole judges."

McGOWEN, J., delivered the opinion of the court.

Appellant, the railway company, filed its application with the circuit clerk of Newton county to take, by eminent domain proceedings, the property described. The cause was referred to a justice of the peace, an eminent domain court was organized, and the jury returned a verdict for one hundred seventy-five dollars in favor of Whittle and Chisholm, and found that Thames was not interested in the property; the court thereupon entered a judgment on September 15, 1922. In due time, Whittle and Chisholm filed an appeal bond, and the cause was transferred to the circuit court. At the March, 1927, term, said circuit court proceeded to the trial of this cause on appeal in the absence of the railway company or its counsel, and a verdict was rendered in favor of Whittle and Chisholm for the sum of five hundred dollars from which judgment the railway company appeals to this court.

The appellant presents the following reasons for reversal:

(1)   Because the attorney for Whittle and Chrisholm, in the presence of the jury, after he had introduced all the evidence as to the value of the property, used the following language:

"Now we could introduce other witnesses to the same effect, but deem it unnecessary.   They all go to the same effect.

"The Court: All right; prepare your instructions."

Counsel for the appellant urged that this was prejudicial to the appellant's cause, but recognizes there was no objection and exception made at the time, because the railway company was not represented during the trial.

It is a well-recognized rule that this court does not consider objections of this kind unless raised in the lower court, but this statement was not prejudicial.

(2)   Appellant assigns as error that the lower court (the circuit court) "erred in not carrying the jury to the premises sought to be condemned as required by section 1570, Hemingway's 1927 Code."

The trial here under review is a circuit court trial on appeal from a judgment rendered by an eminent domain court organized under our statute.   Failure, on the part of the circuit court to have the jury view the premises is the main ground of error assigned on this appeal.

The pertinent part of section 1864, Code of 1906 (section 1570, Hemingway's 1927 Code), reads as follows:

"And the jury shall, unless the parties consent to the contrary, go to the premises, under the charge of the justice and the sheriff, and view the property sought to be condemned and its surroundings, and may examine and measure the same," etc.

It will be noted that this statute applies to the procedure of an eminent domain court, presided over by a justice of the peace.

Section 1871, Code of 1906 (section 1577, Hemingway's 1927 Code), or the part thereof relating to appeals from judgments rendered by eminent courts, is as follows:

"Upon appeals, the issues shall be tried *de novo* in the circuit court, which shall try and dispose of it as other issues, and enter all proper judgments."

The mere statement that the case is to be tried *de novo* does not refer to a trial in an eminent domain court, but refers to a trial according to the rules of procedure in the circuit court, and this view is strengthened by the fact that the statute provides that the issues shall be tried as other issues are tried; and there would necessarily have to be a clear mandate from the legislature to the circuit court to require it to remove a trial from the appointed place.

The correctness of this view is further sustained by the fact that the eminent domain court, presided over by a justice of the peace, rendered its judgment in September, 1922, and four years later on appeal this case was presented to a jury for trial in the circuit court. Where a corporation is entitled, under the law, as in this case, to pay the amount of the judgment of the eminent domain court to the proper court, and go into possession of the property notwithstanding an appeal, and has done so, a jury four and one-half years later would have very little idea as to the scene that existed at the time of the condemnation of the property by the judgment of the lower court.

There is no merit in the contention that it was mandatory on the circuit court on appeal from the eminent domain court to have the jury view the land sought to be condemned.

*Affirmed.*