WHITE'S MARKET & GROCERY CO. *et al. v.* JOHN.*

(Division A.   April 22, 1929.)

[121 So. 825.   No. 27869.]

*Corpus Juris-Cyc References: Trial, 38Cyc, p. 1496, n. 93.

*Amis, Dunn & Snow,* for appellants.

862

*Reily & Parker,* for appellee.

Argued orally by *A. B. Amis,* for appellant, and *Marion W. Reily,* for appellee.

Cook, J. Appellee, Albert John, a minor, by his father as next friend, instituted this suit in the circuit court of Lauderdale county against White's Market & Grocery Company, T. J. White, Jr., and W. B. Freeman, seeking to recover damages for personal injuries alleged to have been sustained in a collision at a street intersection in the city of Meridian between an automobile, in which appellee was riding, and a Chevrolet truck belonging to said White's Market & Grocery Company which was being driven by appellant W. B. Freeman at the time of the accident. At the conclusion of the testimony, the court directed a verdict in favor of the defendant T. J. White, Jr., but submitted to the jury the question of whether or not the other defendants were guilty of negligence which contributed to the injury of appellee, and from a verdict in favor of appellee for two thousand five hundred dollars this appeal was prosecuted.

The facts and circumstances leading up to, or surrounding, the collision are in no way material to the decision of the questions presented by the assignments of error, and therefore they will not be here set forth. The appellee offered as a witness one E. R. McWilliams, a policeman in the city of Meridian, who went to the scene of the collision a few minutes after it occurred, and offered to prove by this witness that the appellant W. B. Freeman there made some statement to him in reference to the accident. Upon objection to this testimony, the jury was retired from the courtroom, and the testimony of the witness as to the statement made to him by Freeman was heard by the court out of the presence of the jury. The court then sustained an objection to the proffered testimony.

Counsel for appellee, in his closing argument to the jury, referred to the fact that McWilliams had been offered as a witness on behalf of the appellee, and said to the jury: "This man, Freeman, made a statement to the Policeman, McWilliams, regarding this collision.

That statement would shed some light upon this controversy, and the attorneys for the defendants did not want you gentlemen to hear it. They would not permit you gentlemen to hear it.''

Thereupon, the attorneys for the appellants objected to such argument, and moved the court to instruct the jury to disregard same; the court sustained the objection, and instructed the jury to disregard the argument, and admonished counsel for appellee to desist from such argument. However, notwithstanding the instruction of the court to counsel, he immediately repeated, in substance, the same argument to the jury, saying: ''The court says I cannot argue to you about the testimony which McWilliams gave out of your hearing, but you know you did not hear it because the defendants did not want you to hear it.''

Thereupon, counsel for the appellants presented a special bill of exceptions embodying the foregoing facts in reference to the argument of counsel, and the same was approved by the court and made a part of the record, and, on appeal, one of the assignments of error is based upon this alleged improper argument of counsel.

We think this argument was prejudicial and requires a reversal of this cause. The jury was told that the witness McWilliams had testified out of their presence to a statement made immediately after the accident by one of the appellants, and that this statement would have shed light upon the controversy, but that they were prevented from hearing this testimony by counsel for the appellant. After being admonished by the court to desist from such argument in reference to testimony which the court had held to be irrelevant and incompetent, counsel persisted in this line of argument, and again impressed upon the jury that they had not heard the testimony of the witness McWilliams in reference to a statement made by one of the appellants immediately after the accident, because the appellants did not want

them to hear this statement, thereby carrying to the jury the clear, emphatic, and unmistakable intimation that this statement was damaging to appellants' cause.

This argument, in our opinion, was more damaging than the admission of the statement would have been, as the jurors were thereby invited and left to speculate upon the nature of the statement made immediately after the accident by one of the appellants, which would have thrown light upon the controverted points, and which they were so anxious to prevent the jury from hearing.

We think the statement of counsel went far beyond the bounds of legitimate argument, and, for the failure of the court below to grant the requested mistrial, or to set aside the verdict and grant a new trial, the judgment entered will be reversed.

Other than the alleged excessiveness of the verdict, only one additional assignment of error is argued by counsel, and this assignment presents a question which, in all probability, will not arise on another trial of this cause, and therefore it will not be necessary to consider it.

For the error indicated, however, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*