BRUSH v. LAURENDINE.

(Division B. Nov. 27, 1933.)

[150 So. 818. No. 30856.]

Shannon & Schauber, of Laurel, for appellant.

F. B. Collins, of Laurel, for appellee.

Argued orally by A. B. Schauber, for appellant.

Griffith, J., delivered the opinion of the court.

Appellee recovered judgment against appellant, doing business under the tradename Mayhaw Canning Company, for a personal injury alleged to have been suffered by appellee in the course of her employment by appellant. Appellee's allegation is that she slipped and fell because of an accumulation of beans on the floor where she was at work. Appellant defended, among other defenses, upon the contention that if there were beans on the floor where appellee claims to have fallen, appellee herself dropped them there; and appellant complains of an instruction given by the court under the Finkbine Lumber Co. v. Cunningham Case, 101 Miss. 292, 57 So. 916, to the effect that it was the continuing duty of appellant to furnish the employee with a reasonably safe place to work. Appellant says that this instruction was inapplicable under those facts. We are not permitted to review the asserted error on this point, because in his sixth instruction appellant seems to have admitted the stated theory of appellee, and sought to avoid it on the ground only that appellant had not had sufficient time to discover the danger.

Inasmuch as the case is to be remanded for a new trial, we do not enter upon a review of the facts except so far as necessary to bring into view the ground upon which a reversal of the judgment is being ordered. We express or intimate no opinion on the assignments of error other than those herein mentioned. That she fell in appellant's plant and was there injured is shown only by the testimony of appellee herself, corroborated in part by a lad who says that, without any business there, he happened to pass and looked through a window and saw appellee getting up from the floor. Several employees of appellant, who were there at work at the time, testify in the most positive terms that appellee did not fall, suffered no injury at the plant, and that her trouble was because of an illness of which an attack came upon appellee during the noon hour while, at another part of the plant, appellee and the other employees were preparing to eat their noon day meal. There was enough testimony to go to the jury, but if these several employees of appellant are to be believed, the evidence greatly preponderated in favor of appellant.

In this situation one of counsel for appellee, in his closing argument, used the following language: "Talk about employees of these corporations testifying, why gentlemen I tried a case against one of these corporations right in this courthouse and six of their employees testified against them and they fired all six of them." And this language: "Whenever one of these corporations is sued, they bring in sleek, fat, pompous Dr. Blount,—you saw how he strutted to testify (objection); well, if you object to that, I will change it, and say when the Mayhaw Canning Company is sued, they bring in sleek, fat, pompous Dr. Blount to testify, you saw how he strutted, etc." To these remarks appellant's counsel then and there objected, and preserved his objections by a special bill of exceptions, duly presented and signed by the trial judge.

Whatever may be the differences in detail in respect to the practice in the various jurisdictions, all courts are

agreed that it is the power and duty of the trial court to see that the privilege of argument is not abused. And when the abuse in a given case has been of such a character and has run to such an extent that there could reasonably be no denial that the abuse has been extreme and intolerable, Interstate Co. v. Garnett, 154 Miss. 325, 357, 122 So. 373, 756, 63 A. L. R. 1402, the duty of the judge is to interfere of his own motion. Ordinarily, however, the judge is entitled to the reasonable aid of counsel in this matter, Jackson & E. R. Co. v. Thames, 148 Miss. 357, 114 So. 611, Mississippi Cent. R. Co. v. Turnage, 95 Miss. 854, 49 So. 840, 24 L. R. A. (N. S.) 253, Interstate Co. v. Garnett, supra; so that when improper argument is being made, counsel on the other side should then and there object and preserve this objection by a proper bill of exceptions. If, upon the objection, the judge overrules it, or declines or fails to rule, and this is shown by the bill of exceptions, then the point is fully presented for reversal and it is not necessary to move for a mistrial or for a new trial; and while the objector must definitely present his objection and his request for a ruling, he is not required to belabor the judge for a ruling when the judge refuses or fails to rule, for this might in its effect on the jury add to the harm already done by the improper argument.

If upon the objection the judge sustains it, and directs the jury to disregard it, or uses such terms that it may be regarded as fairly certain that the jury has been made by the court to understand that they must, in considering the case, put out of their minds that part of the argument which has been improper, then this will cure the error in the argument. But if counsel persist in the same harmful argument, or resort to resentful and harmful retorts, or if the admonition of the court has not been fairly of such character as would be calculated to cure the error, or if the mischief be ineradicable, the objector must then and there move for a mistrial. When the judge has taken definitely active steps to right the wrong,

the objector is not permitted to remain then quiescent on the point, and later, when he has lost the verdict, to return and take up the objection.

The bill of exceptions in this case shows that the trial judge simply sustained the objections but did not instruct the jury to disregard the argument covered by the objections, and no motion was made for a mistrial. The principal question for decision, therefore, is whether this case rests under the first or the second of the two foregoing paragraphs.

We do not lay down a rule so hard and fast as to say that as to all cases it will be insufficient for the judge upon such an objection merely to sustain it, saying nothing to the jury, Dabbs v. Richardson, 137 Miss. 789, 102 So. 769; for in sustaining an objection the judge may have done so in a manner that the jury was made definitely to understand that the objection was addressed to a point of which the jury itself was to take note and to act accordingly. As a general rule, however, the judge must admonish the jury directly, and so that the jury may not escape the understanding that the judge is addressing himself to them, for we must not fail to consider that before the evidence begins and after it closes the jury might not be impressed with objections and rulings thereon as having any particular force save as between counsel and the judge. In Newman Lbr. Co. v. Norris, 130 Miss. 751, 760, 94 So. 881, upon objection to an argument somewhat similar to the argument here, the court admonished counsel "to stay in the record;" the court saying nothing directly to the jury. Although this was equivalent simply to sustaining the objection, it was held insufficient, and there was a reversal.

Improper argument has been succinctly defined in a recent opinion by this court, Nelms & Blum Co. v. Fink, 159 Miss. 372, 383, 131 So. 817, 820, to the effect that it is present when there has been "abuse, unjustified denunciation, or a statement of fact not shown in evidence," to which must be added, of course, that it must appear

as probable that the argument may have had a harmful influence on the jury. The recent opinions by this court have shown a tendency to more strongly insist upon adherence to proper standards in this respect than was formerly the course of adjudication. That the argument here, and as applied to the situation present in this case, constituted reversible error is made clear by reference to the cases above cited, and by the following additional late cases in our court: Morrell Packing Co. v. Branning, 155 Miss. 376, 124 So. 356; Pickwick Lines v. Silver, 155 Miss. 765, 125 So. 340; White's Market v. John, 153 Miss. 860, 121 So. 825; Morse v. Phillips, 157 Miss. 452, 128 So. 336; New Orleans & N. E. R. Co. v. Jackson, 140 Miss. 375, 105 So. 770. And we are of the opinion that what the judge did in this case was, in view of the object required to be accomplished, the substantial equivalent of a failure to rule, or to act.

Reversed and remanded.