# BROWN *v.* STATE.

(In Banc.   May 8, 1944.)

[17 So.. (2d) 801.   No. 35561.]

**Stone & Stone**, of Coffeeville, for appellant.

**Greek L. Rice**, Attorney-General, by **Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

Argued orally by **W. I. Stone**, for appellant, and by **Geo. H. Ethridge**, for appellee.

Griffith, J., delivered the opinion of the court.

Appellant was indicted for murder and convicted of manslaughter. He is but little more than a youth and has been deaf and dumb all his life. His method of communication is through a crude course of sign language with his foster-mother as interpreter. His attorney was thus greatly hampered in getting before the jury any intelligible account of the homicide from appellant's standpoint, and other than appellant there was no nearby eye-witness. Appellant's general reputation was shown to be good, and this without dispute.

The principal assignment of error is based upon a special bill of exceptions, which is as follows: "In the trial of this cause in the argument of the district attorney he said: 'This man is no ignorant negro. He is a deaf and dumb brute and when he makes up his mind to satisfy his lust he will not care whom he satisfies it on.' Defendant's counsel objected and moved the court to rebuke the district attorney and to instruct the jury to disregard this. The court ordered the district attorney to stay within the record and told the jury not to pay attention to anything outside the record."

Counsel for appellant say that this was not argument but was abuse and unjustified denunciation, and that what was done by the court in response to the objection was as if the court had done nothing at all. Counsel assert that what the court said was the same old stereotyped expression which is nearly always heard from the trial bench when an objection is made to improper argument; that it means nothing to a jury, and is merely a short-cut excuse by which to avoid a ruling by the court rather than a direction which has any real sense to it. And counsel say in effect that appellant, handicapped as he was in getting his defense before the jury, because of his affliction, should have aroused sympathy instead of abuse and sinister suggestion.

The rule of procedure in cases of improper argument is laid down in Brush v. Laurendine, 168 Miss. 7, 150 So. 818, 820, and henceforth the problem is in the particular facts to which the rule there announced is to be applied. For the reason hereafter mentioned we do not undertake to say whether the bill of exceptions brings this case within the rule of error, but we use it as an occasion to say that we can recognize one thing as certain, and that is that, whatever our decisions in particular cases, the bar of this state is never going to be satisfied with any sanction, upon whatever ground it is put, of the handling of objections to improper arguments by the trial judge when no more is said by him than the hackneyed expression "stay in the record," and merely to the jury to regard nothing not in the record.

Nevertheless our duty here in this court of appeals is clear. While it is the obligation of this court to exert its authority to the end that trials shall be fair, recognition must be given to the fact, as has been for many years in this jurisdiction as well as elsewhere, that technical perfection in the conduct of litigation is a hopeless expectation and must not be required, even though some progress may be demanded as the years go by. Thus it was said in Brush v. Laurendine, supra, on this subject of improper arguments that "the recent opinions by this court have shown a tendency to more strongly insist upon . . . proper standards in this respect than was formerly the course of adjudication." At the same time, however, and in the same case, it was further said "that it must appear as probable that the argument may have had a harmful influence on the jury." It appears obvious to us that we have no business to send cases back for retrials at the expense of the taxpayer because of error, when the error has not been a real factor in the trial under review.

There is no probability here, that is to say, likelihood, that the improper argument had any harmful influence on the jury. Under this record it would be hard to see how

the jury could honestly have done less than to return a verdict of manslaughter, which they did,—whence it must follow that the improper argument could have done appellant no real harm.

Affirmed.

### SPECIALLY CONCURRING OPINION.

**Roberds, J.,** delivered a specially concurring opinion.

I think it should be further said, as bearing upon the justification of the remarks of the district attorney, that the testimony on behalf of the state in this case, standing alone, did evidence brutishness and a lust for blood on the part of the defendant—at least it disclosed such a picture as that the district attorney was not wholly unwarranted in drawing that conclusion, especially since, under the circumstances here, the jurors must have known that the use of the word ''lust'' had reference only to lust for blood.