VASCOE *v.* FORD, et al.

In Banc. Oct. 22, 1951.

No. 38066 (54 So. (2d) 541)

Vollor, Teller & Biedenharn, for appellant.

**Jno. W. Prewitt,** for appellee.

**Hall, J.**

Appellant was plaintiff in the lower court and recovered a judgment for $200 for damages on account of personal injuries sustained by her while a passenger for

hire in one of the taxicabs of appellees as a result of negligence of the driver thereof. The lower court overruled her motion for a new trial which raised the question of the inadequacy of the vedict of the jury and she appeals, assigning this action as the first ground for reversal.

There is no substantial dispute as to the extent of appellant's injuries. █ She was thrown into the windshield of the car and sustained numerous cuts, lacerations and abrasions on her face and head. The most severe cut was about four inches long, located just above her eyes, and extended into the lid of one eye; the skin and muscles were severed all the way to the bone; her whole forehead was cut, her nose was let down, her lip lacerated, and these injuries were so extensive that approximately sixty-five sutures were taken in closing the wounds, some of which were subcutaneous. In addition, her hip, side and back were injured. She was confined in a hospital for eight days and lost three full weeks from her work as a beautician and lost part time for six additional weeks. Her earnings averaged from $35 to $45 a week, and sometimes more. It will be readily observed that the amount of the award is barely sufficient to compensate appellant for the time actually lost from her work and the jury allowed nothing for her physical and mental pain and suffering. There was no contributory negligence which would authorize a diminution of damages. The jury found for appellant on the issue of liability and she was entitled to full compensation for her injuries. It is plain that the amount awarded is not full compensation and in our opinion the verdict is so grossly inadequate as to evince passion and prejudice on the part of the jury, for which reason the judgment must be reversed and the cause remanded for a new trial on the question of damages.

This brings us to the necessity of considering whether appellant would be entitled to have submitted to the jury the question whether damages might be awarded

by them for disfigurement of appellant's face. At the trial she undertook to prove that her face had been disfigured by reason of the wounds which she received and the trial court sustained objections to such evidence. The court also instructed the jury that "you cannot allow damages for physical pain and suffering and mental pain and anguish for any scars or disfigurement after plaintiff's physical suffering has ceased." In the case of Bonelli v. Branciere, 1921, 127 Miss. 556, 564, 90 So. 245, 248, this Court said: "We simply hold that when the physical suffering is at an end there can be no recovery for mental suffering or humiliation which may thereafter continue as the result of the physical disfigurement of body." The same rule was announced in J. J. Newman Lumber Company v. Norris, 1922, 130 Miss. 751, 94 So. 881, and in Pan-American Petroleum Corporation v. Pate, 1930, 157 Miss. 822, 126 So. 480, 128 So. 870, and it is evident that the trial court granted this instruction in reliance upon these cases. The question under discussion was raised in Koestler v. Burton, 1949, 207 Miss. 40, 41 So. (2d) 362, where we criticized the above rule but adhered to it because of the peculiar facts in the case and the manner in which the point arose, but the dissatisfaction of the Court with such a rule was plainly expressed and the attitude of the Court in the future was foreshadowed. We are of the opinion that the rule as to the recovery of damages for physical disfigurement as announced in the cited cases is not supported by any good reason or by any respectable number of authorities from other jurisdictions, and the said authorities insofar as they adhere to that rule, as well as any others which may adhere to it, are hereby overruled.

In 25 C. J. S., Damages, Sec. 57, pages 546-547, it is said: "Disfigurement or mutilation of the body as a result of an injury to the person may be considered as a proper element of damage, although, as shown infra § 66, there is some difference of opinion as to

the propriety of considering mental pain in contemplation thereof. Plaintiff cannot recover for permanent disfigurement and also for the expense of an operation to remove the disfigurement. Permanent disfigurement need not be shown to a reasonable certainty, but only by a preponderance of evidence, to authorize recovery therefor."

And in 25 C. J. S., Damages, Sec. 66, page 554, it is said: "According to the weight of authority, mental pain in contemplation of a permanent mutilation or disfigurement of the person may be considered as an element of damage. There are authorities, however, which take a contrary view, or which hold that, while there can be a recovery for disfigurement, injury growing out of the contemplation of disfigurement is too remote to be considered as an element of damage."

In McCormick on Damages, Hornbook Series, Section 88, p. 317, it is said: "Most courts permit an allowance for the sadness, humiliation, and embarrassment ensuing from any scars, mutilation, or disfigurement sustained by the injured person." In note 17 on page 317 of this work, the author criticizes the Mississippi rule as being a "curious conclusion" and a "refinement of subtlety" and wonders how far a jury would pay any regard to it. It is frequently said that our juries are prone to disregard the rule as heretofore established in this State and award damages for physical mutilation irrespective of the law; such an attitude is but proof of the fact that the sense of justice of the average man revolts against the rule. In this case the jury certainly did not disregard it, and we are of the opinion justice will be better promoted by allowing the jury to give due consideration and make an appropriate award of damages for permanent disfigurement and multilation of the person. Naturally such an award should be confined to the bounds of reason, taking into consideration the nature and character and location of the mutilation.

The judgment is accordingly reversed and the cause remanded for a new trial on the question of damages alone.

Reversed and remanded.