GILLESPIE, Presiding Justice:
This eminent domain case was tried in a Special Court of Eminent Domain in Kem- *829 per County. From the judgment there, the case was appealed to the Circuit Court of Kemper County where the jury awarded damages of $3,750, a figure somewhat more than the appraisals by the witnesses for the Mississippi State Highway Department, but far less than the appraisal of the landowners’ witnesses. R. I. Gunn and his wife, the landowners, appealed to this Court. We reverse and remand.
The question for decision is whether the trial court erred in allowing the jury to view the property in the absence of the judge and court reporter.
The landowners’ attorney moved the court to have the jury view the property. The motion was granted. Immediately after the jury viewed the property, the landowners’ attorney moved for a mistrial on the ground that neither the judge nor the court reporter went with the jury to view the property during which the Highway Department engineer answered questions propounded by some of the jurors. The parties concede the facts alleged in the motion.
Mississippi Code 1942 Annotated, Section 2770 (1956)[1] provides that in trials conducted by a Special Court of Eminent Domain either party shall be entitled to have the jury view the premises under the supervision of the judge. On appeal to the circuit court where the case was tried de novo “as other issues” pursuant to Section 2766(c), the controlling statute with reference to the view of the property by the jury is Section 1800 which provides in part as follows:
After such order is entered, the whole organized court, consisting of the judge, jury, clerk, sheriff, and the necessary number of deputy sheriffs, shall proceed, in a body, to such place or places, property, object or thing to be so viewed or inspected, which shall be pointed out and explained to the court and jury by the witnesses in the case, who may, at the discretion of the court, be questioned by him and by the representative of each side at the time and place of such view or inspection, in reference to any material fact brought out by such view or inspection. The court on such occasion shall remain in session from the time it leaves the courtroom till it returns thereto, and while so in session outside the courtroom it shall have full power to compel the attendance of witnesses, to preserve order, to prevent disturbance and to punish for contempt such as it has when sitting in the courtroom.
The trial court committed reversible error in allowing the jury to view the property in the absence of the judge and court reporter. The error is aggravated by the additional fact that the Highway Department engineer while at the view answered questions propounded by members of the jury.
Section 1639 provides that except in cases involving less than $50 no party shall be required without his consent to stand trial in circuit court unless a court reporter is in attendance. This statute contemplates that the entire proceedings, including a view of the premises, must be conducted with the court reporter present.
The other errors complained of concern statements made by the trial judge which the landowners assert were of a prejudicial nature. We are of the opinion that there is neither any merit in these contentions nor any likelihood of reoccurrence upon a retrial.
For the error in allowing the jury to view the property in the absence of the trial judge and court reporter, the judgment is reversed and the case remanded.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.

. See Jackson & E. R. Co. v. Thames, 148 Miss. 357, 114 So. 611 (1927).