HENRY H. ROGERS v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Instruction. Self-defense.*

An instruction in a murder case is erroneous which denies defendant the right of self-defense, although he may have armed himself with a deadly weapon, intending to use it if necessary, and have been the aggressor in and provoker of the difficulty in which he killed deceased; the defendant had the right to abandon such intent and to show that the killing was not in pursuance of it.

2. SAME. *Instruction must be predicated of evidence.*

An instruction, in the absence of evidence of which to predicate it, is erroneous.

FROM the circuit court of Neshoba county.

HON. GUION Q. HALL, Judge.

Rogers, appellant, was indicted, tried and convicted of the murder of Thomas A. Byrd, and sentenced to the penitentiary for life, from which conviction and sentence he appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Southworth & Hughston* and *S. A. Witherspoon,* for appellant.

There is no element of malice in any of the facts alleged in the instruction. The parties could have armed themselves, as stated, for a lawful purpose. It is not unlawful for parties who have trouble to arm themselves for the purpose of facing each other unless their purpose, in arming themselves, is to use their weapons in the meeting to overcome their adversaries. Defendant may have armed himself for the purpose of defending himself from a threatened attack; he may have armed himself out of abundant caution, with no intention of using the

weapon except in necessary defense of his life and limb; and no court can gainsay this right.    Yet this instruction tells the jury to find defendant guilty of murder, if, under the circumstances, he shot and killed Byrd, whatever may have been the intent and purpose in arming himself, or whatever may have been the necessity which prompted him to take life, or whether the taking of the life was pursuant to a design previously formed.    The court in giving this instruction must have had in mind the law against duelling or mutual combats, but the instruction fails to state the essential ingredients of mutual combats.

The weapon must not only be secured for a meeting, but it must be procured for a combat in which he intended to use it to overcome his adversary if necessary.    *Long* v. *State,* 52 Miss., 23; *Prince* v. *State,* 73 Miss., 838; *Lofton* v. *State,* 79 Miss., 723.

Again, there is no evidence that there had been any trouble or misunderstanding between Byrd and Rodgers prior to that meeting.

The second instruction for the state is misleading.    It fails to state the essential ingredients of murder.

The killing must be pursuant to a previous design to kill to constitute murder, and that intent must not be abandoned at any time before the killing.    *Long* v. *State,* 52 Miss., 23; *Prine* v. *State,* 73 Miss., 838; *Fore* v. *State,* 75 Miss., 727; *Patterson* v. *State,* 75 Miss., 670; *Pulpus* v. *State,* Mss. April 6, 1903.

*J. N. Flowers,* assistant attorney general, and *Woods, Fewell & Fewell,* for appellee.

The "duel instruction" cannot possibly have done the acused any harm.    It is an attempt to define a duel and to announce the law of the case as declared in *Thomas* v. *State,* 61 Miss., 60.    But there were eight other instructions given for the state and eighteen instructions given for the defense, and considered

as a whole, they are correct and not even calculated to mislead the most unlearned of juries.

It is to be said that the word "duel" cannot be found in the instruction. It was a simple charge upon the law where two men agree to face each other about an angry and irreconcilable dispute, and arm themselves for the meeting, and do accordingly meet armed and with their hands upon the weapons during the meeting, and one draws and kills the other. Is it not the law that a killing under such circumstances is murder?

Argued orally by *S. J. Witherspoon,* for appellant.

Price, J., delivered the opinion of the court.

The grand jury of Neoshoba county, March 8, 1902, indicted H. H. Rogers for the murder of Thomas A. Byrd, and on December 23, 1902, he was tried, convicted, and sentenced to life imprisonment; and the case is here on appeal, with a record challenged by the defendant with forty-four assignments of error. We will consider but one of the numerous errors assigned, in so far as it relates to two charges given for the state — Nos. 2 and 5.

Charge No. 2 is in the following language: "If the jury shall believe from the evidence, beyond all reasonable doubt, that, in the difficulty in which Byrd lost his life, that the defendant was the aggressor and provoker of the difficulty, and that he prepared himself for it by arming himself with a deadly weapon, to wit, a pistol, and sought out the deceased and provoked the difficulty, intending to use his pistol and overcome his adversary, if necessary, and that he then shot and killed Byrd, he is guilty of murder, and the jury should so find."

This instruction charges the jury, in substance, that if they believe that the defendant was the aggressor and provoked the difficulty, and armed himself for it, and sought out Byrd, intending to use the pistol and overcome Byrd, if necessary, and

that he then killed Byrd, he is guilty of murder. This charge is erroneous, in that it denies the defendant the right of self-defense. All the facts assumed or alleged in the instruction may be true, and yet the killing may not have been in pursuance of such former design, or it may have been done in necessary self-defense.

The fifth instruction given for the state is as follows: "If the jury shall believe from the evidence, beyond all reasonable doubt, that there was trouble or misunderstanding at the time of the homicide between Byrd and Rogers, and that they agreed to face each other about it, and that, in pursuance of the purpose to meet and face each other, each of them armed himself with a deadly weapon, to wit, a pistol, and that they then met and faced each other, and that Rogers in that meeting shot and killed Byrd, he is guilty of murder, and the jury should so find."

This instruction told the jury that they should convict Rogers of murder if they believed there was trouble or misunderstanding between Rogers and Byrd at the time of the homicide, and that they agreed to face each other, and each armed himself with a pistol, and that they did so face each other, and Rogers killed Byrd at the meeting. The error in this instruction is too manifest for argument or citation of authorities. There is no evidence in the case on which to base such a charge. There is no evidence that the parties had agreed to such a meeting. The preliminary negotiations of the friends and relatives of the unfortunate girl, and the part played in this effort to get matters amicably adjusted, by Rogers, were all consistent with a lawful purpose. Such a meeting as subsequently took place between Rogers and Byrd, in which Byrd lost his life, falls far short of a prearranged meeting for a duel. In the one case the meeting was to adjust a misunderstanding, and remove, if possible, all stain from the character of the girl.

But in the other all efforts towards peaceable settlement are known to have passed, and the parties meet only to do battle.

The state asked nine instructions, and, as is usual in such cases, falls an easy victim to too many instructions. "The old paths are the best paths." As said by this court in *Patterson* v. *State,* 75 Miss., 675, 23 South., 647, by Judge Whitfield: "Persons at their country's bar are not to be charged into the penitentiary by a court as a matter of law, but to be put there by verdicts of juries, finding their guilt as a fact." A circuit judge can hardly keep a *nisi prius* trial free of error where counsel, unconsciously swayed by their interest in the case, demand so much at his hands, and at a time when both time and opportunity preclude an examination of the authorities. *Prine* v. *State,* 73 Miss., 842, 19 South., 711; *Patterson* v. *State,* 75 Miss., 675, 23 South., 647.

*Reversed and remanded.*