ALLEN v. STATE.*

(Division B.    Oct. 31, 1927.)

[114 So. 352.   No. 26537.]

1. CRIMINAL LAW. *Prosecuting attorney's comment on failure of de-*
    *fendant's wife to testify held not reversible error, where judge*
    *sustained objection, and instructed jury to disregard remarks.*
   In prosecution for murder, prosecuting attorney's comment to jury
   on failure of defendant's wife to testify in his behalf *held* not re-
   versible error, where objection was made, and trial judge sus-
   tained it, and instructed jury to disregard remarks, and defend-
   ant, instead of moving for mistrial, proceeded with case, and.
   reaped advantage of possible acquittal.

2. CRIMINAL LAW. *Defendant's proceeding with trial after prosecut-*
    *ing attorney's objectionable comment to jury was equivalent*
    *of waiver of right to mistrial.*
   Action of defendant in proceeding with murder trial after prosecut-
   ing attorney's comment to jury on failure of defendant's wife to
   testify in his behalf, instead of moving court for mistrial and
   discharge of jury, was equivalent of waiver of his right to mis-
   trial after court had sustained motion.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 836, n. 34; p.
917, n. 67; p. 919, n. 78; 17CJ, p. 72, n. 58.

APPEAL from circuit court of Perry county.
HON. R. S. HALL, Judge.
Thomas Allen was convicted of murder, and he ap-
peals.   Affirmed.

*Paul B. Johnson* and *Watkins & Young,* for appellant.

The district attorney, in his closing argument, called
attention of the jury to defendant's failure to call his
wife as a witness, to which the defendant then and there
excepted.   Judge HALL sustained the exceptions and
instructed the jury to disregard such remarks.

This court has so often held that it is reversible error for the prosecuting attorney to comment on the failure of the defendant himself or his wife to testify in criminal cases wherein he is charged with crime that we do not deem it necessary to argue this proposition further than to cite: *Johnson* v. *State,* 94 Miss. 91; *Scott* v. *State,* 80 Miss. 197; *Cole* v. *State,* 75 Miss. 142; *Johnson* v. *State,* 63 Miss. 313; *Byrd* v. *State,* 57 Miss. 243.

The fact that the circuit judge sustained the exceptions taken by the attorneys for the defendant did not cure the error committed by the district attorney.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

It is insisted that this cause should be reversed and remanded because of the fact that the prosecuting attorney in his closing argument to the jury commented on the failure of the defendant to call his wife as a witness in his behalf.

There are two reasons why the argument of counsel cannot avail. First, the bill of exceptions is itself insufficient. In preparing this bill of exceptions for the judge to sign, counsel should have set out therein the exact language which was used by the district attorney in the argument to which objection was taken. It is not sufficient to set forth the conclusions which might have been reached by counsel as to the meaning of the argument or as to its legal effect as they are questions for this court to determine. The language which was used by the district attorney might very well have appeared to counsel, or even to the trial court, to be comments on the defendant's failure to call his wife as a witness, but to this court they might not so appear. *Powers* v. *State,* 83 Miss. 691.

But if I be mistaken in this position, then there is another reason why the position of counsel cannot be sustained. It will be observed from reading the bill of ex-

ceptions which the defendant made to the argument of counsel were sustained and the jury was instructed to disregard such remarks. Since this is true, no prejudicial error has been committed by the court and the judgment will not be reversed for this error alone.

None of the cases cited by counsel in their brief are authority for the position which is taken by them. It is true that in a number of cases, where the comments made by the district attorney were on the failure of the defendant himself to testify, our court has held that this error was not cured by the action of the court in instructing the jury to disregard the said remarks. But it will be observed from a reading of the opinions in those cases that they were based on the fact that the statute in such cases expressly prohibited any comment by counsel on the failure of the accused to testify. This expressed statutory prohibition does not apply where the wife of the accused is concerned. *Yarbrough* v. *State,* 70 Miss. 593.; *Reddick* v. *State,* 72 Miss. 1008; *Sanders* v. *State,* 73 Miss. 444; *Gurley* v. *State,* 101 Miss. 198.

There are a number of cases, however, dealing with the exact proposition which is here presented, which are contrary to the position taken by appellant. See *Carter* v. *State,* 99 Miss. 435, 54 So. 734; *Drane* v. *State,* 92 Miss. 180, 45 So. 149; This point was expressly settled by our court in *Cotton* v. *State,* 135 Miss. 792, 100 So. 383; *House* v. *State,* 121 Miss. 436, 83 So. 611.

Holden, P. J., delivered the opinion of the court.

Thomas Allen appeals from conviction on a charge of murder and sentence to the penitentiary for life. The testimony in the case fully warranted the jury in finding the defendant guilty as charged.

Appellant assigns one error for reversal, and that is that the judgment should be reversed, because the prosecuting attorney, in his closing argument to the jury,

commented upon the failure of defendant to call his wife as a witness in his behalf. That part of the special bill of exceptions setting up this ground for reversal is as follows:

"First, after all testimony was introduced and all argument had closed, except the rejoinder by the district attorney, he (the said district attorney), in his rejoinder, called attention of the jury to the defendant's failure to call his wife as a witness, to which the defendant then and there excepted. Judge HALL sustained the exceptions, and instructed the jury to disregard such remarks."

We recognize the rule in this state that it is error for the prosecuting attorney to comment to the jury on the failure of the defendant's wife to testify in his behalf; but we do not think it was reversible error in the case at bar, because, when the objection was made, the trial judge sustained it, and instructed the jury to disregard the remarks of the prosecuting attorney.

At this juncture of the trial it was the duty of counsel for appellant to move the court for a mistrial and a discharge of the jury, but, instead of counsel so doing, he proceeded with the case, and reaped the advantage of a possible acquittal; and, therefore, we do not think the point is maintainable as reversible error. The action of appellant in proceeding with the trial was the equivalent of a waiver of his right to a mistrial, after the court had sustained the motion.

In the case of *Cotton* v. *State,* 135 Miss. 792, on page 798, 100 So. 383, on page 384, this court had the following to say:

"We think that the court did all he was required to do under the circumstances, and when the court sustained the objection and instructed the jury to disregard it and reprimanded the district attorney for the use of such language, he did all the law required him to do in the premises. If, however, further action was necessary, it devolved upon the defendant to request a mis-

trial to be entered and a new jury impaneled, because he could not, after the court had so ruled, proceed with the trial and take the advantages of a possible acquittal, and on motion for a new trial, seek to set aside the trial when the verdict had gone against him. The judgment of the court will be affirmed.''

We think the rule announced in the *Cotton case, supra,* is sound, and we see no good reason why it should not be followed in the case at bar.

The judgment of the lower court is affirmed.

*Affirmed.*