REDWINE *v.* STATE.*

(Division B. March 5, 1928. Suggestion of Error Overruled April 2, 1928.)

[115 So. 889. No. 26957.]

1. CRIMINAL LAW. *Evidence tending to prove guilt must be considered most favorable to state, in determining propriety of refusal to direct verdict of not guilty.*

In determining propriety of refusal to direct verdict of not guilty, the evidence tending to prove guilt must be considered most favorably to the state, or, putting it differently, every material fact proved, either directly, or by reasonable inference, tending to show defendant's guilt, must be taken as true.

2. HOMICIDE. *Evidence tending to show various elements of "manslaughter" held to make proper refusal to direct verdict.*

Case was for the jury, so that refusal to direct verdict of not guilty was proper, there being ample evidence tending to show homicide in heat of passion, without malice, by a pistol, a dangerous weapon, without authority of law, and not in necessary self-defense, which, under the statute, constitutes "manslaughter."

3. CRIMINAL LAW. *To complain on appeal of district attorney's argu-
　　ment, trial court having sustained objection and directed jury to
　　disregard, motion for mistrial was necessary.*

　　Defendant may not complain on appeal of misconduct of district
　　attorney in argument at trial, where objection thereto was
　　sustained and jury directed to disregard it, he not having moved
　　for a mistrial and a new trial before another jury.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 72, n. 58; p.
223, n. 40; Homicide, 30CJ, p. 323, n. 67.

APPEAL from circuit court of Clay county.
HON. J. I. STURDIVANT, Judge.
S. L. Redwine was convicted of manslaughter, and he
appeals. Affirmed.

*Geo. T.* and *Chas. S. Mitchell* and *McClellan & Tubb,*
for appellant.

We respectfully submit to the court as our first assign-
ment of error that the verdict of the jury was contrary to
the law and the evidence in the case. We realize that it
is only in very rare cases where this court will set aside
the verdict of a jury on the ground that the testimony
is insufficient to support the verdict. However, where
such is the case, this court will not refuse to take that
course. The testimony in the case, we most respectfully
submit, is wholly insufficient to sustain a verdict of guilty
of manslaughter.

The court erred in permitting the district attorney in
his closing argument to the jury, over objection and ex-
ception of defendant, to state the matters and things set
out in the special bill of exceptions on file. Defendant
objected and excepted to this language on the part of the
district attorney, and the court sustained the objection
and instructed the jury not to consider that part of said
argument. However, the poison had been injected, the
damage had been done, and it was idle for the court to
tell the jury not to consider a thing that had already

served its purpose.  We respectfully submit that such an argument, especially in a case of this kind, cannot be too strongly condemned and when such argument is resorted to and a conviction of manslaughter wrung from the jury, this court should not hesitate to reverse.  This court, in no unmistakable terms, has repeatedly condemned such argument as was made in this case.  See *Johnson* v. *State,* 78 Miss. 627; *Ellerbe* v. *State,* 79 Miss. 10; *Windham* v. *State,* 91 Miss. 845, 45 So. 861; *Abney* v. *State,* 112 Miss. 546, 86 So. 341.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The first assignment of error urged by counsel for appellant is that the jury's verdict of guilty is unsupported by the evidence in the case.  The rule in this state is well settled that this court will not, on account of the insufficiency of the evidence, set aside a jury verdict, if there be in the record any competent testimony upon which the jury's verdict could have been based.  From the facts, the jury are justified in a verdict of manslaughter.

Counsel next object to the remarks made by the district attorney in his closing argument.  It will be observed that the remarks of the district attorney were objected to by counsel.  This objection was sustained by the court, and the jury was instructed not to consider that part of the district attorney's argument.  Counsel did not ask that the jury be discharged and a mistrial entered, nor did they ask the court to do anything other than stated above.  On the contrary they permitted the case to go to the jury without further objection and reaped the benefit of a possible acquittal of the defendant.  Under these circumstances, no reversible error was committed by the court in this respect.  Our court has been committed to the rule that in order to avail himself of any error committed in this respect, it is the

duty of the defendant to move for a mistrial. *Allen* v. *State,* 148 Miss. 229, 114 So. 352; *Cotton* v. *State,* 135 Miss. 792, 100 So. 385.

ANDERSON, J. The appellant assigns and argues two grounds for reversal of the judgment in this case. First, that the court erred in refusing appellant's instruction for a directed verdict of not guilty; and second, that the misconduct of the district attorney in the argument of the case before the jury should work a reversal of the judgment.

In determining the propriety of the action of the trial court in refusing to direct a verdict of not guilty in this case, the evidence tending to prove appellant's guilt must be considered most favorably for the state. Putting it differently, every material fact proven either directly or by reasonable inference, tending to show appellant's guilt, must be taken as true. So viewing the evidence in this case, we think the jury was justified in returning a verdict against the appellant of manslaughter. We do not think it would answer any good purpose to set out, either the evidence or the substance of the evidence, for the state and for the appellant. It is sufficient to say there was ample evidence to go to the jury tending to show that the homicide was committed in the heat of passion, without malice, by the use of a pistol, a dangerous weapon, without authority of law, and not in necessary self-defense, and, therefore, under our statute, constituted manslaughter.

The alleged misconduct of the district attorney in his argument of the case before the jury cannot be availed of by the appellant in this court, because he failed to exhaust his remedy in the trial court. The trial court sustained appellant's objection to the alleged misconduct of the district attorney in his argument before the jury, and instructed the jury not to consider that part of the district attorney's argument. If appellant conceived that his rights were prejudiced by such an argument, and that

such prejudice had not been removed by the ruling of the court and the instruction of the court to the jury to disregard same, he should have moved the court for a mistrial and a new trial before another jury. *Cotton* v. *State,* 135 Miss. 792, 100 So. 383; *Allen* v. *State* (Miss.), 114 So. 352.

*Affirmed.*