BUSTIN *v.* STATE.

(Division B.   Jan. 2, 1939.)

[185 So. 259.   No. 33379.]

(1)

White & Jenkins, of Gulfport, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Samuel Bustin, was indicted for the murder of J. W. Crigler, placed on trial in the Circuit Court of Harrison county, convicted of manslaughter, and sentenced to the penitentiary for two years, from which judgment he appeals here.

It appears that Bustin was living in a house belonging to Crigler, who lived in a house-boat nearby. Crigler had requested the appellant to vacate the house, which he failed to do. Crigler took out papers for the eviction of appellant and his wife, which, in the absence of her husband, were served on Mrs. Bustin on the afternoon of the killing. On appellant's return, taking the papers in his hand, he went out in the yard near the house-boat, and called to Crigler. A neighbor living nearby, looking out of the window, saw Bustin take hold of Crigler, and apparently struggling, disappear with him around the corner of the house, after which he saw no more of the difficulty. Crigler was cut with a knife about twenty-two times, being stabbed, with the exception of one cut three inches long, from which wounds he died almost immediately. The undertaker testified that

the wounds penetrated either his lungs or his heart, having been stabbed in the breast and back.

Bustin's wife testified that she saw the beginning of the difficulty, and ran to the front of the house to call for help, the struggle taking place in the rear of the house occupied by her and her husband. She testified that Crigler had gotten an axe. Bustin testified in his own defense that Crigler attempted to strike him with the axe, holding his head under his arm; that he cut him until he turned loose—could not tell how he cut him or how many times. The axe was found near Crigler's head, he having fallen backwards, with his head toward the west. When a neighbor arrived on the scene, he found Mr. Crigler lying on the ground, and saw that he was dead. Bustin asked this man to go for a doctor, whereupon he replied that it was needless—that it was "the undertaker for Crigler and the sheriff for you" (Bustin).

It is argued by counsel for the appellant that the version given by him and his wife is not to be disputed, that it is consistent with the theory of self-defense, and that the evidence was insufficient to convict the appellant of any offense. It is also assigned for error that there was no evidence upon which a verdict of manslaughter could be reached; and that the district attorney, during his argument, said, "Gentlemen, I don't know why the defendant committed this murder—I don't know why he sits there unconcerned and smiles—look at him, gentlemen, see how he smiles." This remark, it is alleged, was objected to, and motion was made for a mistrial. However, there appears to be no bill of exceptions in the record showing this argument and the exceptions to it—the only reference we find in the record is in a motion for a new trial.

We have repeatedly held that to avail of objections to arguments there must be a bill of exceptions taken at the time; and that if the objection is sustained by the court the defendant must go further and move for a mis-

trial in the case. However, if that had been done, there is not sufficient argument set forth to show the connection in which it was used. The district attorney has a great deal of liberty in his argument, and is understood to be an advocate or partizan in the case; and the jury understands this, and we cannot assume that there was any prejudicial effect from the words used.

Furthermore, we are of the opinion that the evidence here is sufficient to sustain a conviction. There is sufficient evidence, if the jury believed it, to warrant the jury in holding that the appellant was the aggressor in the difficulty—that he grabbed the deceased and began the struggle. In the argument it is insisted that there was no evidence to warrant a manslaughter verdict; that the evidence showed the appellant to have been in real or apparent danger of losing his life or suffering great bodily harm at the hands of the deceased, at the time he used his knife to inflict the wounds upon him with fatal effect. The case of Rester v. State, 110 Miss. 689, 70 So. 881, is cited as sustaining the contention. It was held in the subsequent case of Calicott v. State, 131 Miss. 169, 95 So. 318, that the appellant could not complain of the conviction for manslaughter where the evidence showed a wrongful killing; and that case was followed in a number of cases, among which was the case of Jones v. State, 144 Miss. 52, 109 So. 265, 59 A. L. R. 1146. In these cases it was fully established that a party convicted of a wrongful killing cannot complain that the jury convicted for manslaughter rather than for murder.

We find no reversible error in the case, and the judgment is affirmed.

Affirmed.