HATHAWAY *v.* STATE.

ON SUGGESTION OF ERROR.

(In Banc.   Oct. 25, 1943.)

[15 So. (2d) 361.   No. 35306.]

For former opinion, see 13 So. (2d) 819.

**Earle L. Wingo**, of Hattiesburg, for appellant, on suggestion of error.

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney General, for appellee, on suggestion of error.

**Alexander, J.,** delivered the opinion of the court on suggestion of error.

This case was affirmed by Division B of this court at a former date, and upon the filing of a suggestion of error

the judgment was set aside and the case was referred to the court in banc. Appellant was indicted, tried, and convicted of aiding the escape of certain parties guilty of robbery with a deadly weapon. The errors assigned dealt chiefly with the argument of the prosecuting attorney, who, in referring to the prosecuting witness and the defendant, respectively, said, "Mrs. Shotts was here at the last term of the court, but Mrs. Hathaway was not here because she had jumped her bond." There was no testimony to this effect in the record and the court is unanimous in its opinion that such reference was prejudicial, especially in view of the issues and testimony presented by the record.

Counsel for the appellant promptly objected to the argument. The trial judge was not sitting at the time of the argument, but a member of the bar was presiding. Such presiding member, as disclosed by the bill of exceptions, thereupon stated that he had not heard the evidence. However, he admonished the prosecuting attorney to "stay within the record." There was no motion for mistrial.

When the cause was first presented, it was our view that the error was not properly presented for review because there was no motion for mistrial. Stress was laid upon the circumstance that the admonition of the presiding "judge" was tantamount to the sustaining of counsel's objection, thereby requiring a motion for mistrial and the overruling thereof to present reviewable error. Cases apparently supporting this view are Pruitt v. State, 163 Miss. 47, 139 So. 861, and Shaw v. State, 188 Miss. 549, 195 So. 581.

The case here presented must be controlled by other considerations. There was no admonition to the jury nor rebuke to the prosecuting attorney. The presiding "judge," by his explanation that he had not heard the evidence, disavowed both the willingness and the capacity to rule upon the objection. Under the circumstances his mere admonition to "stay within the record" was no more

than a safe generality without special point. It was lacking in corrective or curative force upon the minds of the jury, if, indeed, the prejudicial stain of such comment could be so erased. His action was neither a sustaining of the objection nor a ruling thereon. Newman Lumber Co. v. Norris, 130 Miss. 751, 760, 94 So. 881.

The rule is now well settled that where, in the event of an improper argument, the judge overrules an objection thereto or refuses to rule and this is shown by the bill of exceptions, the point is fully presented for review, and counsel is not thereafter required "to belabor the judge for a ruling when the judge refuses or fails to rule." Brush v. Laurendine, 168 Miss. 7, 12, 150 So. 818, 819.

The error was therefore properly presented for review, and having been found prejudicial we are compelled to withdraw the opinion originally filed herein and remand the cause for a new trial.

Suggestion of error sustained, and cause reversed and remanded.

**Anderson, J.,** delivered a dissenting opinion.

The direction by the judge to counsel to stay within the record could have meant nothing less than that he had gone beyond the record. In Wells v. State, 162 Miss. 617, at page 625, 139 So. 859, at page 861, quoting from opinion, "When an objection was interposed to this statement of the district attorney, the court said, 'I do not think that is proper argument,' but did not warn the jury to disregard this statement and argument, and the appellant's counsel made no request that the court do so or take any further action in the matter." The court held that the alleged improper argument could not be taken advantage of on appeal. In Cotton v. State, 135 Miss. 792, 100 So. 383, objection was made by defendant's attorney to language used by the district attorney in his argument.

The court instructed the jury to disregard the same. On appeal, this court held the defendant could not take advantage of the occurrence unless at the time he made a motion for a new trial. To the same effect is Allen v. State, 148 Miss. 229, 114 So. 352, and Redwine v. State, 149 Miss. 741, 115 So. 889. Brush v. Laurendine, 168 Miss. 7, 150 So. 818, does not expressly overrule those cases, and, in my opinion, they are not in substantial conflict.