INZER, Justice:
Appellant Jimmie Weatherspoon was indicted, tried and convicted of manslaughter in the Circuit Court of Lowndes County. He was sentenced to serve a term of fifteen years in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
The only assignment of error is that the verdict of the jury is against the overwhelming weight of the evidence.
Late in the afternoon of January 20, 1969, appellant shot and killed John Brandon, Jr. at Brandon’s home in Lowndes County. The testimony establishes that on this day appellant, armed with a .22 caliber pistol in a holster at his side, went to the home of Brandon. When Brandon saw that appellant was armed with a pistol, he told him to get out of his yard because he did not want him there with the gun *54 around his children. Appellant, after being told several times to leave, went outside the fenced yard and stood near the gate. He told Brandon that he had been coming there all the time and the place belonged to Mr. Ike and that he was not going to let Brandon run him off. Brandon replied that he was not running him off the place but that he just wanted him out of his yard. After an exchange of some other words, appellant went back into the yard and when he did so, Brandon arose from a chair in which he was sitting on his porch and started towards appellant with a pistol in his hand. Appellant also had his pistol in his hand and they started shooting at each other. Brandon was hit with three bullets which resulted in his death. Appellant was not injured in the affray. The testimony is not clear as to which one fired the first shot, but one witness testified that Brandon was firing over the head of appellant. However, appellant went back into the yard after being told to stay out of it by Brandon. He testified that Brandon fired the first shot and that he was only acting in self defense when he shot and killed Brandon.
We are of the opinion that the jury could find from the evidence in this case that when appellant went back into Brandon’s yard, he was a trespasser and that Brandon had the right to protect his home and premises and to use such force as was necessary to remove appellant from his premises. Thus, the jury was justified in finding that the appellant provoked the difficulty and was the aggressor throughout the same. It is well settled that the person who provokes a difficulty and remains the aggressor throughout the same cannot invoke the plea of self defense. Here appellant was at fault and in the wrong in resisting the right of Brandon to keep him off of his premises. Cotton v. State, 135 Miss. 792, 100 So. 383 (1924).
We are of the opinion that there was ample evidence to sustain the verdict of the jury in this case and that there being no reversible error, the same should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and GILLESPIE, P. J., and JONES and ROBERTSON, JJ„ concur.