285 So.2d 165 (1973)
Julian PATRICK
v.
STATE of Mississippi.
No. 47435.
Supreme Court of Mississippi.
November 12, 1973.
*166 Robert H. McFarland, Bay Springs, Travis Buckley, Laurel, Harry L. Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Jasper County, Mississippi, wherein appellant was indicted for murder but was convicted of manslaughter and sentenced to twelve years in the penitentiary. Reversed and remanded for a new trial.
The appellant, Julian Patrick, was treasurer of the Heidelberg Hunting Club, Inc. which had leased a large tract of land from Masonite Corporation for hunting purposes. Signs had been placed along the boundaries of said property and at the entrance to roads going thereon "posting" the lands against hunting. On the day in question, appellant and a companion had been hunting on the club property since early morning, when, late in the afternoon, they encountered the now deceased, Jerry Walley, his brother, Oliver Walley and three other hunters whom they recognized as not being members of the club. When appellant informed them that they were on leased lands and requested some identification, the two Walley brothers became belligerent, an argument ensued, guns were *167 brought into play and Jerry Walley was shot and killed by appellant.
The appellant contends that he acted in self-defense.
Appellant first complains that the trial court unduly restricted him in cross-examination of the State's witnesses. In this respect, it was developed by the defendant that Oliver Walley and several other witnesses had given statements to the authorities shortly after the death of Jerry Walley and that the highlights of these statements had been transcribed and made available to the State's witnesses a few days prior to the trial for the purpose of refreshing their memory as to what happened. It was also developed by defendant that defendant's attorneys had interviewed Oliver Walley and other State witnesses, some of whom allegedly stated to defendant's attorneys that the statements that had been given to them were inconsistent in some respects with their actual independent recollection of what transpired at the time of an immediately prior to Jerry Walley's death. When defendant's counsel attempted to cross-examine the witnesses with respect to the material inconsistencies, an objection was interposed by the State and sustained by the court. The point was preserved by defense counsel by making profert of what he was attempting to prove. The court thereupon reaffirmed its ruling sustaining the objection and admonished defense counsel not to pursue that line of questioning further. This was error as it cut off the defendant's right to cross-examine the witness with reference to the witness' recollection of what happened as opposed to what he had given in the statement which he admittedly used to refresh his memory. This error is even more serious in view of the fact the court viewed the witness' statement in camera and found that it was not inconsistent with his testimony on the stand. This Court is firmly bound to the proposition that it is of utmost importance in the administration of justice that the right to cross-examination be preserved unimpaired. Justice Griffith in commenting on the importance of the right of cross-examination in Prewitt v. State, 156 Miss. 731, 735, 126 So. 824, 825 (1930) said:
It is the law's most useful weapon against fabrication and falsehood. As a test of the accuracy, truthfulness, and credibility of testimony, there is no other means as effective. In this state, cross-examination is allowed coextensive with the issues, Walton v. State, 87 Miss. 296, 303, 39 So. 689; not only, but it may proceed into the collateral circumstances surrounding, or in any way affecting, the transaction to the full extent that they have relevant connection by way of testing the memory, accuracy, sincerity, interest, or bias of the witness. In all these matters the privilege of counsel rightfully has broad latitude, and, to make it fully effective towards the purposes for which the law allows and favors it, the privilege should not be interfered with or hampered or restricted by the trial judge, except in clear case of irrelevancy, trespass beyond admissible ground, or extremes of continual, aimless repetition.
Appellant next complains that his right to plead self-defense was cut off by instruction number 8 given for the State which reads as follows:
The Court instructs the jury for the State that whenever a party by his own wrongful act produces a condition of things wherein it becomes necessary for his own fagety (sic) that he take life or do serious bodily harm, the law imputes to him his own wrong, and its consequences, for an offense, which, except for such acts, would never have been occasioned. And if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, JULIAN PATRICK, wilfully and intentionally pointed and aimed a shotgun at O.V. Walley, not in necessary self defense or in lawful discharge of official duty, and *168 that such actions produced a condition of things whereby it became necessary for his own safety that he take the life or do serious bodily harm to the said JERRY WALLEY, and that the death of the said JERRY WALLEY would never have been occasioned, except for such acts on the part of the said defendant, JULIAN PATRICK, then you may find that the killing of JERRY WALLEY was not done in self defense.
This instruction is bad for several reasons. First, it does not accurately state the law in regard to when the right of self-defense may be denied to a defendant, and, second, it is couched in such broad and general terms that it could only serve to confuse the jury. Additionally, we reiterate and reemphasize what has already been said many times by this Court, and that is that it is a rare occasion when an instruction cutting off the right of self-defense is proper in a murder prosecution. Craft v. State, 271 So.2d 735 (Miss. 1973); Ellis v. State, 208 So.2d 49 (Miss. 1968); Tate v. State, 192 So.2d 923 (Miss. 1966). In fact, the Court has gone so far as to say that an instruction which cuts off the defendant's right to assert self-defense will be granted only where his guilt is so overwhelmingly manifest that no other verdict than guilty could probably be rendered. Tate v. State, 95 Miss. 138, 48 So. 13 (1909). In the recent case of Tate v. State, 192 So.2d 923, 924 (Miss. 1966), the Court quoting with approval from Lofton v. State, 79 Miss. 723, 31 So. 420 (1901) said:
"* * * This form of charge, declaring a defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it, * * * It can never be proper, save in the few, very, rare cases where the case is such, on its facts, that a charge can be given embracing all the elements  not part of them, nor nearly all of them  essential to the estoppel."
The necessary elements which must be in evidence before an accused can be denied the right to assert self-defense were stated by Justice Woods in Prine v. State, 73 Miss. 838, 842, 843, 19 So. 711, 712 (1896) while discussing the propriety of instructions allowed to the State in that case:
The second and third instructions for the state are fatally erroneous. Both omit any reference to what was the state of Prine's mind; whether he had the murderous purpose formed at the time he provoked the difficulty, if, indeed, the jury should believe from the evidence that Prine first approached Chaine and brought on the difficulty. The jury might believe Prine was the aggressor, and brought on the difficulty, and that he entered it armed with a pistol, yet Prine was not cut off from the right of self-defense unless the jury should further believe from the evidence that Prine so brought on the difficulty, armed with a deadly weapon, and intending to use it when he provoked or brought on the encounter. He must have been the originator of the difficulty; he must have entered it armed, and he must have so brought it on and entered into it intending to use his pistol, and overcome his adversary, if necessary, in the course of the encounter. (Emphasis added).
This language has been approved in principle in Woods v. State, 183 Miss. 135, 183 So. 508, sugg. of error overruled, 183 Miss. 146, 184 So. 311 (1938); Lucas v. State, 109 Miss. 82, 67 So. 851 (1915); Rogers v. State, 82 Miss. 479, 34 So. 320 (1903).
It should also be noted that where the accused, acting in good faith, attempts to withdraw from the encounter and abandons his original purpose and intent, then in such case the accused would not be deprived of the right to assert self-defense even though it became necessary thereafter to slay his adversary. Jones v. State, 84 Miss. 194, 36 So. 243 (1904).
*169 It can readily be seen by reading instruction number 8 that it does not include the necessary elements set out in the Prine case, supra, as it would deprive the appellant of the right to assert self-defense if the jury simply believed that appellant pointed and aimed a shotgun at O.V. Walley and thereafter it became necessary to take the life of Jerry Walley. This was error as it does not take into consideration appellant's intent at the time the incident was provoked. Even if appellant first pointed his shotgun at O.V. Walley that would not give Jerry Walley the right, without more, to kill or do great bodily harm to appellant, if, in fact, that is what Jerry Walley intended to do when he put a shell in his gun, raised it to his shoulder and pointed it at appellant.
Furthermore, it is not every wrongful act which provokes or brings on a difficulty that will deprive a person of self-defense. In Lucas v. State, 109 Miss. 82, 90, 67 So. 851, 852 (1915), it is stated:
"It is not every act of aggression or provocation which produces a difficulty, and in the course of which a necessity to kill another arises, that will preclude the slayer from availing himself of the right of self-defense; but it depends upon the character and quality of the act, and in some jurisdictions also upon the intent with which the difficulty was brought on." 21 Cyc. 806.
The unlawful act must be one that is calculated and intended to provoke a difficulty or encounter wherein the accused is afforded the opportunity to and does slay his adversary without the accused having, in good faith, abandoned his original intent.
We are of the opinion that instruction number 8 granted the State was faulty for the reasons cited above and are of the further opinion that this is not such a case as would warrant an instruction that would deprive a defendant of the right of self-defense.
This case does not in any way alter the holding in Weatherspoon v. State, 243 So.2d 53 (Miss. 1971) and Cotton v. State, 135 Miss. 792, 100 So. 383 (1924), where the defendant was resisting being evicted from the home premises of the deceased.
Since this case must be retried, we would also point out that the testimony relative to the poor eyesight of deceased was improperly admitted over objection of defendant. It is uncontradicted that appellant did not and could not have known of the deceased's inability to see, if it in fact existed, and that being true, it could have no bearing on whether or not appellant could reasonably apprehend that he was in imminent danger of being killed or suffering great bodily harm at the time he shot the deceased as he contends in self-defense. Such testimony was prejudicial to the defendant and should not be admitted on retrial. See e.g., Sumrall v. State, 272 So.2d 917 (Miss. 1973); Pendergraft v. State, 191 So.2d 830 (Miss. 1966); Craft v. State, 254 Miss. 413, 181 So.2d 140 (1965).
We have carefully considered the evidence in this case and are of the opinion that it is not one that would warrant an instruction which would cut off the defendant's right of self-defense. There is no direct proof nor any proof from which the jury could reasonably infer that the accused engaged in the disturbance with the intention of slaying the Walley boys, and it is uncontradicted that they were all hunting that day and that they all had high-powered guns for no other purpose than to hunt. Under these circumstances, the accused may invoke a plea of self-defense and this case must be retried on proper instructions to the jury.
Since the question of murder was resolved against the position of the State, upon a retrial hereof the appellant should be held answerable only to the charge of manslaughter.
Reversed and remanded for a new trial.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.