337 So.2d 1274 (1976)
Wendell TOLIVER
v.
STATE of Mississippi.
No. 49295.
Supreme Court of Mississippi.
October 12, 1976.
Edward Blackmon, Jr., Canton, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., ROBERTSON and LEE, JJ., and J.O. SAMS, Sr., Commissioner.
J.O. SAMS, Sr., Commissioner, for the Court:[1]
This is an appeal of Wendell Toliver, Appellant, from his conviction of the crime of assault upon an officer, at the October, 1975, Term of the Circuit Court of Holmes County, Mississippi.
The appellant assigns two errors, the first of which is as follows:
"1. The trial Court erred by overruling your Appellant's Demurrer to the indictment *1275 on the ground that it was duplicitous and therefore void and on the ground that it charged two distinctly separate crimes."
The pertinent part of the indictment reads as follows:
"That WENDELL TOLIVER late of the County aforesaid, on the 12th day of August 1975 in the County aforesaid, did unlawfully, wilfully, feloniously, purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, did attempt by physical menace, to-wit: pointing a shotgun at and toward Howard Huggins while threatening to shoot said Howard Huggins, to put said Howard Huggins in fear of imminent serious bodily harm, at a time when said Howard Huggins was acting in his official capacity as a Deputy Sheriff of Holmes County, Mississippi, and within the scope of his duty and office, to-wit: attempting to effect the legal arrest of said Wendell Toliver, against the peace and dignity of the State of Mississippi."
The court overruled the demurrer but allowed an amendment by deleting the words, "of recklessly under circumstances manifesting extreme indifference to the value of human life." The appellant was, therefore, tried on an amended indictment, the pertinent parts of which read as follows:
"That WENDELL TOLIVER late of the County aforesaid, on the 12th day of August, 1975, in the County aforesaid, did unlawfully, wilfully, feloniously, purposely, knowingly did attempt by physical menace, to-wit: pointing a shotgun at and toward Howard Huggins while threatening to shoot said Howard Huggins, to put said Howard Huggins in fear of imminent serious bodily harm, at a time when said Howard Huggins was acting in his official capacity as a Deputy Sheriff of Holmes County, Mississippi, and within the scope of his duty and office, to-wit: attempting to effect the legal arrest of said Wendell Toliver, against the peace and dignity of the State of Mississippi."
This assignment of error presents the question as to whether or not the indictment charged the defendant with both simple assault under Paragraph 1 and aggravated assault under Paragraph 2 of Mississippi Code Annotated section 97-3-7 (Supp. 1975). This section reads as follows:
"(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
"(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a *1276 fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both."
In order to determine whether or not there were two offenses charged, it is necessary to analyze the two parts of the quoted section. This reveals that under sub-section (1), a person is guilty of simple assault if he:
(a) Attempts to or purposely, knowingly, or recklessly causes bodily injury to another; or
(b) Negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or
(c) Attempts by physical menace to put another in fear of imminent serious bodily harm.
It will be noted that:
(a) requires bodily injury or an attempt to cause it. Nothing in the indictment charges this.
(b) requires negligently caused bodily injury with a deadly weapon. None was charged.
(c) requires an attempt by physical menace to put another in fear of imminent serious bodily harm. This is charged and this is the only offense charged in the indictment.
On the other hand, sub-section (2) provides, a person is guilty of aggravated assault if he:
(a) Attempts or causes serious bodily injury. There is no charge of an attempt or the causing of bodily injury; or,
(b) Attempts to cause or causes bodily injury with a deadly weapon. There is no such charge in the indictment.
The only charge of the indictment is an offense under sub-section 1(c). Unfortunately, it does contain a part of sub-section 2(a), but that part of sub-section 2(a) included is not sufficient to charge any offense under said sub-section 2(a), and the words deleted by the trial court were mere surplusage. Therefore, only one offense was charged by the indictment, and the trial court correctly eliminated the surplus language.
It is the opinion of the Court that the indictment did not charge two offenses; that it was not duplicitous, and the action of the trial court in overruling the demurrer was correct.
The second assignment of error is as follows:
"2. The trial court erred in not granting Appellant's instruction for a directed verdict."
At the beginning of the consideration of this assignment of error, one of the basic principles of law to be considered is set forth in the case of Roberson v. State, 257 So.2d 505 (Miss. 1972), citing with approval Redwine v. State, 149 Miss. 741, 115 So. 889 (1928), wherein it is stated:
"In determining the propriety of the action of the trial court in refusing to direct a verdict of not guilty in this case, the evidence tending to prove appellant's guilt must be considered most favorably for the state. Putting it differently, every material fact proven, either directly or by reasonable inference, tending to show appellant's guilt, must be taken as true." 149 Miss. at 744, 115 So. at 889.
The evidence of the State clearly established that the appellant was guilty of the offense charged in the indictment. The evidence of appellant denied it. It was a clear issue of fact for decision by the jury. The jury decided against the appellant and found him guilty. The case is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.