358 So.2d 1311 (1978)
Helen THOMAS
v.
STATE of Mississippi.
No. 50482.
Supreme Court of Mississippi.
May 10, 1978.
Rehearing Denied May 31, 1978.
*1312 William E. McLellan, III, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and BROOM, JJ.
SMITH, Presiding Justice, for the Court.
Helen Thomas, a/k/a Helen Ford, was convicted in the Circuit Court of the First Judicial District of Hinds County of selling heroin, a controlled substance, and sentenced to twenty-five years imprisonment. On appeal she has assigned three alleged errors as requiring reversal. In oral argument before this Court, her counsel has conceded that the first two of such assignments are without merit and these will not be discussed.
The third assignment is predicated upon the refusal of the trial court to sustain a motion for a new trial because of allegedly prejudicial remarks made to the jury by the assistant district attorney in his final argument.
In his final argument to the jury, the assistant district attorney said, "Did any of you ever see a dope pusher? Well, take a good look at that woman sitting at that table, that's a pusher!"
Appellant's counsel objected upon the ground that the statement was highly prejudicial. Before the court could rule upon the objection, the assistant district attorney said, "I object to the interruption." At this point the court said, "Objection sustained."
It is now contended by appellant's counsel that he did not know whether the court had sustained his own objection to the inflammatory remarks or had sustained the objection of the assistant district attorney to the interruption. In any case, defense counsel made no effort to find out and made no inquiry of the court as to which objection the ruling had applied, made no request that the jury be instructed not to consider the allegedly inflammatory remarks, did not request a mistrial, and pursued the matter no further.
After the jury had retired and had begun its deliberations, counsel did then, for the first time, inquire of the trial judge which objection he had sustained and was informed by the court that the court had sustained defense counsel's objection to the quoted remarks. Still no motion for a mistrial was made and nothing further was done.
The jury convicted appellant, and following appellant's conviction, the question was sought to be raised in a motion for a new trial, and a bill of exceptions was obtained and made a part of the record, which reflects the foregoing circumstances relating to the incident. In his oral argument to this Court, in explanation of his failure to move contemporaneously for a mistrial, counsel for appellant stated frankly that his reason for omitting to request a mistrial at the time was that he deliberately took what he described as a "calculated risk." In other words, he desired to accept the possibility that the jury might return a verdict of acquittal and he was willing to take the chance that, on the other hand, it might convict appellant.
The latter eventuality having transpired, he then sought to raise the matter by motion *1313 for a new trial. Having deliberately taken his chances, this was too late.
In Hyde v. O'Neal, 234 Miss. 112, 105 So.2d 553 (1958) this Court stated:
Counsel for Hyde objected to what they considered an improper argument to the jury by counsel for Mrs. O'Neal. The court sustained the objection. There was no motion for a mistrial. Hyde argues on this appeal that a mistrial should have been ordered even though not requested. He says this is an unusual case and the requirement of a motion for mistrial should be waived. We know of no exception to the necessity for a motion. The cases disclose that the objectionable remarks have been of varying nature, gravity and effect. The reasons for the rule are that we cannot put the trial judge in error on a question not passed upon by him, and also that a litigant cannot wait, without objection, and take chances on a jury verdict, and when the verdict is against him, then take advantage of a motion he should have made at the proper time. Nelms & Blum Company v. Fink, 159 Miss. 372, 383, 131 So. 817; Brush v. Laurendine, 168 Miss. 7, 150 So. 818; Crawford v. State, Miss., 54 So.2d 230; Bustin v. State, 184 Miss. 1, 185 So. 259; Robertshaw Trustees v. Columbus & G. Ry. Company, 185 Miss. 717, 188 So. 308; Aldridge v. State, 180 Miss. 452, 177 So. 765; Hathaway v. State, 195 Miss. 311, 15 So.2d 361, suggestion of error sustained 13 So.2d 819; Herrin v. State, 201 Miss. 595, 29 So.2d 452. (Emphasis added).
234 Miss. at 121-122, 105 So.2d at 557-558).
See also Stevenson v. State, 244 So.2d 30 (Miss. 1971); Collins v. State, 202 So.2d 644 (Miss. 1967) and Coburn v. State, 250 Miss. 684, 168 So.2d 123 (1964).
No question is raised as to the sufficiency of the evidence to support the verdict and no prejudicial error has been shown to have occurred. Therefore, the conviction is affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.